### LAFOURCHE ICE & SHRIMP CO. v. GILBEAU.

No. 1923.

Court of Appeal of Louisiana. First Circuit.

Dec. 19, 1938.

C. A. Blanchard, of Donaldsonville, for appellant.

Numa F. Montet and P. D. Martinez, both of Thibodaux, for appellee.

Le BLANC, Judge.

In execution of a judgment which it had obtained against the defendant Octave Gilbeau in the district court of Lafourche Parish, the plaintiff, Lafourche Ice and Shrimp Company, obtained a writ of fieri facias in that court under which the Sheriff of the Parish, seized and advertised for sale a certain gasoline boat or launch called "Clarence G", as the property of the said defendant.

A creditor alleging himself to be the holder of a note of the defendant secured by chattel mortgage on the said boat intervened in the proceeding and prayed that the lien and privilege created by the mortgage in his favor be enforced by preference over the judgment of the plaintiff. The intervention was put at issue by some pleas filed on behalf of plaintiff and in time it was dismissed. There was no appeal taken by the intervenor and we are only concerned with it here in the way that a certain clause in the act of mortgage itself forms the basis of a plea of estoppel presented on the appeal which is before the court. That appeal is from a judgment against the defendant and in favor of the plaintiff on a rule brought by the defendant to have his boat declared exempt from seizure.

In his motion, the defendant averred that he is a shrimp trawler and fisherman by trade and that his boat which had been seized was exclusively used by him in plying his said trade and was the only means by which he earned his living and exercised his calling as a fisherman. He alleged also that the boat was indispensable to him in his work and as such was exempt from seizure under Article 644 of the Code of Practice, as amended, as well as Article 2705 of the R.C.C. and also under the Constitution of Louisiana (Const.1921, art. 11, § 1).

The district judge, after overruling a plea to the jurisdiction of his court and also the plea of estoppel already referred to, at first rendered judgment on the merits dismissing the rule, but on re-hearing, that judgment was set aside and judgment decreed in favor of the defendant, as already stated, declaring the boat exempt from seizure and ordering its release by the Sheriff.

In this court, plaintiff again urges its plea to the jurisdiction of the State District Court and also its plea of estoppel.

■ Plaintiff contends that since the object of seizure is a boat registered under the laws of the United States and which operates under government permit exclusively in navigable waters, it is subject to the jurisdiction of the Federal Admiralty Court only. But the ready answer to that plea strikes us as being the one that is made by the defendant, which is that the plaintiff itself chose the State District Court as its forum; that it obtained the judgment which it seeks to execute in that court, that the said execution was obtained on an order out of that court and was being made by the officers of that court and certainly therefore that court, without any suggestion heretofore made as to a conflict of jurisdiction, is the one vested with the authority to determine the validity vel non of its own orders.

■ The plea of estoppel as already indicated is based on a declaration contained in the act of chattel mortgage already referred to. In that act which was executed in November, 1932, the present defendant, mortgagor therein, declared that he was the true and lawful owner of the property mortgaged which was the boat involved herein, and that the same was "in excess of the movable property owned by him and exempt from seizure under the Constitution and laws of this State." Plaintiff now claims the effect of that declaration and would have it enure to its advantage in this proceeding. That act of mortgage however was a contract that was purely personal to the defendant, mortgagor therein and the mortgagee. Whilst the declaration could well have served the mortgagee in the enforcement of his mortgage rights, we do not understand in what way the plaintiff herein, a total stranger to that contract, can avail himself of any of its provisions. It was a declaration made to protect the mortgagee or holder of the mortgage note given in connection with the mortgage in order no doubt to afford greater security, but was not intended to nor could it benefit any third party not

connected with it. Besides, in order for one to avail himself of an estoppel he must show that he was induced by some action or declaration on the part of the one against whom he pleads, to act in a manner different from the one in which he would have otherwise acted and that he suffered some loss because he was so induced. Plaintiff here does not even pretend that it was induced by the declaration in the act of mortgage on which estoppel is based, to make the advances it made to the defendant in the sum of $180.07 and for which it obtained judgment against him. Indeed, as far as the record shows, there is serious doubt that it even knew of the existence of that act of mortgage before it instituted the present proceeding.

Both pleas were properly overruled in the lower court and we now come to a consideration of the rule on the merits.

The testimony is convincing that the principal occupation and means of livelihood of this defendant is and has been for many years that of fisherman and shrimp trawler and that he uses his boat exclusively in carrying on that work. It developed during the trial of the rule that during a certain period of the year when the shrimp season is closed, he trapped and in that way helped in some measure to add to his means of sustenance. Certainly with a family of seven children to provide for, he needed all that he could obtain in addition to the meagre returns which he testified his principal occupation as shrimp trawler brought him. Counsel for plaintiff contends that since he also was a trapper and did not use his boat in carrying on that trade from which he also derived earnings, he can not now claim it as being exempt on the ground that it was used exclusively in earning his living. In other words it is urged that he had a dual means of obtaining his livelihood. The contention however seems to be pointedly answered by the decision of the Supreme Court in the case of Wilbert's Sons Lumber Company v. Ricard, 167 La. 416, 119 So. 411, in which the object seized and claimed to be exempt was an automobile truck used in transporting slaughtered beeves by the defendant, who was also a farmer, from his farm to market. The same point was urged and in disposing of it the court stated [page 412]:

"We can find nothing in the statutes which requires that it be shown that the 'trade, calling or profession,' in which the tool or instrument is used, was the exclusive means by which the debtor obtained a living for himself and family in order to entitle him to the exemption, nor is there any justification for the assumption that the debtor made his living on the farm and that the other trade or calling was a mere side line operated for speculative purposes only.

"It not infrequently happens that it requires a combination of 'trades, callings, and professions,' to eke out even a bare living for a man and his family. It would be requiring almost the impossible to show which was the dominant calling, or the one which contributed the most to the support of the expenses of the household. As stated, the relator was engaged in farming as well as slaughtering and transporting cattle to the market. It is just as fair to assume that it required what he made out of the combined operations to provide for his family as it is to assume that one calling was sufficient and the other purely speculative."

The next contention made by plaintiff's counsel seeking to defeat the claim of exemption in this case is that the defendant according to the testimony could not operate his boat alone and required the services of his son as helper. It is urged that in order for it to classify as exempt under the law, the tool or instrument used must be one which the claimant operates personally and alone. We find no authority for imposing such a restriction in applying the law and an early case decided by the Supreme Court seems to refute the argument. We refer to the case of Prather v. Bobo, 15 La.Ann. 524, where the court held a printing press which required the assistance of two workmen with the claimant to operate to be exempt.

The last contention of counsel is that the tool must be one which is in actual use at the time of the seizure. It is urged that as the boat was laid up at the time it was seized exemption can not be claimed. The case of Moseley v. Doran, La.App., 163 So. 198, is cited as authority on this point. A mere reading of the decision in that case however reveals that the debtor had voluntarily abandoned the trade for the exercise of which he claimed that the truck seized was exempt and there was no evidence indicating an intention on his part to resume it or pursue it elsewhere within any reasonable time. The evidence in this case on the contrary is positively to

the effect that the debtor is still engaged in his trade as a fisherman and shrimp trawler which he can not follow without the use of his boat.

A consideration of all of the points involved in the case leads us to the conclusion that the judgment appealed from is correct and it is therefore affirmed.