HARDY, Judge.
Plaintiff sues to recover damages for the alleged illegal taking and removal from his home by the defendant of a refrigerator, which taking and removal petitioner avers to have been accomplished without resort to legal process. In answer to plaintiff’s claims defendant admitted the repossession of the refrigerating unit and alleged that the action was authorized by an agreement executed by plaintiff. Alternatively, defendant reconvened and prayed for judgment against plaintiff for the balance due on the purchase price of the refrigerator and for recognition of defendant’s chattel mortgage and lien thereon. After trial there was judgment in favor of plaintiff in the sum of $310. There was further judgment on the reconventional demand, in favor of defendant, recognizing and enforcing its chattel mortgage and decreeing the ownership of the refrigerator in defendant. From this judgment defendant has appealed and plaintiff has answered the appeal praying for an increase in the amount of the judgment.
The material facts are so well established as to admit of no dispute. Plaintiff, a colored man 68 years of age, purchased an International Harvester refrigerator unit from Pickering Refrigeration Service of Shreveport, on April 5, 1950, for a total price of $294.24, on which he made a down payment of $28 at the time of the purchase. Chattel mortgage was retained and defendant 'became the holder thereof by assignment. The note called for payment by plaintiff of the balance of the purchase price in twenty-four equal installments of $12.26 each, beginning on May 1, 1950. After purchase plaintiff made thirteen payments totaling $159.38. On June 29, 1951 plaintiff was in default of payment which had been due on June 1, 1951, and one of defendant’s collectors went to plaintiff’s home at 438 E. College Street in the City of Shreveport where, with the help of a colored resident of the neighborhood whom he employed to assist him, he removed the refrigerator from plaintiff’s home, placed it in his pickup truck, and transported it to defendant’s place of business. At the time of this incident plaintiff was absent from his home and his wife, who was present, neither evidenced acquiesence in nor objection to the removal of the refrigerator. It is evident from the examination of the receipts submitted by plaintiff, to show payments made on the refrigerating unit, that he was frequently in default, that is with reference to payment of the monthly installments as and when due, but never did these defaults subsist for any extended period of time.
On trial defendant offered in evidence an instrument which it denominated a “repossession agreement”. Reference to the instrument discloses what appears to •■be an outright bill of sale to the refrigerating unit to defendant for a stated consideration of $269.72, which purportedly was to be credited against plaintiff’s indebtedness to defendant. It is apparent that this represented the entire balance due by plaintiff and if in reality it had been applied as provided in the instrument, the entire amount of the indebtedness would have been liquidated thereby. It would be unreasonable to the point of absurdity to1 consider that such a result was contemplated. And certainly there is nothing in the instrument which could be construed as a grant of the right to repossession without legal process. We admit we are confused as to its actual purpose and as to its legal interpretation, but it is upon this instrument that defendant appeared to rely for justification of its unlawful action. We *552 find no logical reason by which such a justification might be considered.
On the back of the instrument there appears a memorandum written in ink by defendant’s collector and agent, who obtained the signature of plaintiff on the document, which reads as follows:
“Henry paid one note of 12.26 today July 25th and. signed this agreement with the promise and understanding that he will pay two notes of 12.26 ea. Friday afternoon, bringing him one month in advance on payments. Henry has already made this money working with Mr. Miller (contractor).”
Reference to the receipts introduced in evidence on behalf of plaintiff establishes the fact that the payment of two installments referred to in the above quoted memorandum was made on July 31st.
At the time of the seizure and removal of the unit by defendant the plaintiff was twenty-nine days in arrears on the payment which was due June 1st. This was a circumstance which had frequently occurred over the entire period of the thirteen or fourteen months that had passed since the original purchase by plaintiff and not the slightest effort is made on behalf of defendant which would tend to establish any real reason indicating the necessity for the drastic action that was taken at this time.
The only grounds for relief which have 'been here urged by appellant rest upon the contention that no damage was proved and that the title to the refrigerator is still in the plaintiff. With reference to the first contention we think it must be considered that prima facie proof of damage is established when the illegal invasion of a citizen’s premises and an unlawful removal of his possessions is proved. A certain degree of humiliation and embarrassment is implicit under these circumstances. Damages of this character are of a vague and indefinite nature, which are hardly susceptible to exact determination. Plaintiff testified that he wanted the refrigerator; that he needed it, particularly because his wife was sick, and this uncontradicted testimony, of itself, at least established nominal damages. The jurisprudence is settled on the .point that damages in cases of this nature are measured first by actual damage, which is customarily the amount paid on the article or articles which were unlawfully removed, and damages for humiliation and embarrassment. This rule is iterated and substantiated by authorities cited in Robinson v. Hook, La. App., 1 So.2d 336, 337, in which case the court allowed $200 for humiliation and embarrassment “though the record shows plainly that there was no undue ostentation or publicity given to the affair.” The same observation may be made in the instant case.
In this connection we think the allowance of $150 as damages for the invasion of plaintiff’s rights is adequate in view of the failure to establish specific injuries which would justify a greater award.
As to defendant’s second contention that title to the refrigerator is still in plaintiff and as a consequence the defendant cannot owe for same, we do not consider that this has any real or pertinent bearing upon the judgment. Actual damages in the instant case should be based either upon the value of the refrigerator or the amount actually paid upon the purchase price. Defendant's District Credit Manager valued the refrigerator at $160 and this valuation was not controverted. The total paid by plaintiff on the purchase price amounted to the sum of $187.38. The District Judge appears to have given judgment for the lesser amount and we find no error in this respect. It follows, since the judgment awarded plaintiff the value of the refrigerator, that the decree properly recognized defendant as owner, which was responsive to the reconventional demand.
We find no error in the judgment appealed from and, accordingly, the same is affirmed át appellant’s cost.