McBRIDE, Judge.
This appeal involves only a factual situation.
Dandry, the plaintiff, on May 7, 1951, by informal written contract purchased from Herbert Cooper, Sr., defendant, a certain speedboat for the sum of $1,000. The purchaser paid $100 down and agreed to pay the balance of the price at the rate of $40- or more per month. It is conceded that the plaintiff only made one payment on the deferred price, which was the sum of $25, paid on June 20, 1951.
On September 15, 1951 at 5 :00 p. m. the defendant, without invoking the aid of judicial process, repossessed the speedboat and subsequently sold it for $750.
Dandry’s petition sets forth the contract and the payments of $100 and $25. Dandry further avers that he expended on the boat $254.59 for parts .and repairs, as reflected by an itemization attached to the petition. He further claims that he worked 200 hours in making the repairs and values his time at $1 per hour. The defendant is charged with having repossessed the boat without notice. Judgment is prayed for against defendant in the amount of $579.79, the aggregate of the payments made on the purchase price, the expenses of the repairs, and the value of plaintiff’s labor.
The defense is that the defendant took the boat with Dandry’s consent and permission in satisfaction of the balance due by the latter.
The matter went to trial in the lower court on the issues thus presented and judgment was ultimately rendered in favor of plaintiff for the amount for which he prayed. Defendant has appealed.
*751 A decision of the case must rest on whatever conclusion is to be drawn from the testimony of the two parties, as they are the only ones who testified as to the pivotal point in the case. Their testimony as relates to the circumstances surrounding the repossession of the boat sharply conflicts.
The plaintiff admits that he was unable to meet payment of the deferred portion of the price because of the necessity of repairing the boat. The repairs were completed within two weeks or so after the date of the sale and the boat was placed in running condition. Dandry says that he called the matter of the repairs to the attention of the defendant only after the work was finished. He maintains that defendant told him, in view of the extensive and costly repairs, that the plaintiff could pay the balance due on the sale price later. In September 1951 the plaintiff sought to sell the boat and advertised it for sale in a New Orleans newspaper.
The defendant’s testimony is that he constantly demanded the stipulated monthly payments and never at any time granted any indulgences in the matter of the payments.
It is not disputed that defendant called on plaintiff at the store of the latter’s father-in-law and demanded that the plaintiff pay for the boat. From this point on the versions of the parties are in absolute disharmony.
The defendant testified that he informed plaintiff he would accept the return of the boat in cancellation of the balance of the purchase price, and maintains that the plaintiff told him that he had a prospective purchaser and agreed that if the prospect did not buy the boat by 3 o’clock the next afternoon, defendant could have the boat back unless he heard from plaintiff to the contrary.
The plaintiff insists that the agreement was that he would let Cooper know one way or the other if he could get the boat, and, notwithstanding that he had no further communication with Cooper, the defendant the next day towed the boat away in violation of their understanding.
Appellee points to the familiar rule in our jurisprudence that a trial court’s. findings on questions of fact are accorded great weight and should not be disturbed on appeal unless clearly erroneous. He follows with the argument that the rule has particular applicability here because the judgment is predicated on the testimony of Dandry, contradicted only by Cooper, which the judge believed and which counsel say sustains the burden of proof which rested on plaintiff.
Our view, after carefully studying and analyzing the testimony of the two men, is that the judgment is erroneous. The story of Dandry bears an air of improbability as will be pointed out.
Dandry is married to the granddaughter of defendant. While the record does not show it, we do not feel it amiss to say that he evidently is a man of little or no means, and that the boat, purchased by him for $1,000 and upon which he claims he expended a substantial sum, was probably his proudest possession. A fair assumption is that if Cooper had taken the boat without authority Dandry would have registered loud and forceful complaints.
The day following the removal by Cooper of the boat from in front of Dandry’s father-in-law’s place at Barataría, Dandry noticed .that it was missing and his statement is that he had no idea of what had become of it, thinking at first that it was being used by a member of his family. Dan-dry says that he did not know that Cooper had it in his possession until two weeks afterward when he noticed the boat in front of Cooper’s place. He admits he did not accost Cooper about the matter and states that his reaction was that Cooper was only “using the boat.”
Nowhere is there to be found any statement coming from Dandry that he ever made a demand on Cooper to return the boat. It appears that on October 2, 1951, a date subsequent to the disposal of the boat by Cooper, he offered to pay Cooper the balance due on the purchase price, the offer being refused because the boat had been resold.
*752 The attitude and conduct of plaintiff, as he himself describes them, do not strike us as bespeaking a man whose rights had been invaded by defendant’s actions. The only demand by Dandry upon Cooper, outside of that asserted in this suit, was made after the boat had been disposed of by Cooper, when Dandry complained that he had placed a new battery in the boat which he had not paid for and wanted Cooper to reimburse him for it. Plaintiff also admits that he later voluntarily delivered the boat’s keys to Cooper.
There are other points in the testimony of Dandry which we believe discredit his veracity, but, in light of what has already been said, there is no good reason for detailing them. However, we cannot refrain from commenting upon the claim asserted in the petition for the time Dandry labored in making the repairs. The allegation that he worked 200 hours is a pure fabrication, because Dandry’s own testimony reflects that some seven days were consumed by the work. Likewise, the cost of parts which the petition fixed at $254.59 seems to be greatly exaggerated.
This is not one of those cases where a creditor has intimidated his debtor or has been guilty of employing ruthless means of obtaining the property. Cooper reasonably concluded that plaintiff consented to the repossession and resale of the boat.
Since we are of that opinion, it necessarily follows that the judgment should be reversed and the demands of plaintiff dismissed.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the plaintiff’s suit be dismissed at his costs.
Reversed.