JANVIER, Judge.
This is a suit for damages based on the alleged illegal seizure of an automobile belonging to the plaintiffs. From a judgment in favor of plaintiffs for $100 they have appealed, contending that the amount of the award is inadequate. Defendant has answered the appeal, praying that the suit be dismissed.
The record shows that the plaintiffs, as heirs of their father, John Dorsey, inherited from .him a 1939 Chevrolet automobile on which the defendant corporation, Central Finance Company, held a chattel mortgage on which there remained due the sum of $74.20. This amount was reduced. until there remained due only two payments of $10.60 each, or a total of $21.20.
On August 19, 1951, which, according to the record, was a Sunday, Evans Bistes, an employee of defendant corporation, accompanied by a personal friend of his, called at the residence of Walter Watson, Jr., and his wife, Dorothy Dorsey Watson, she being one of the heirs and being the person in whose custody the other heirs had left the automobile, and demanded payment.of the bahm-e which was admittedly due. ■
It is admitted that as a result of this visit, Bistes took the car from the place at which it was parked in front of the Watson residence and, since it was not in *138 running condition, pushed it to a storage warehouse of the defendant company where it remained for approximately five months until about January 25th, when it was delivered back to the owners, the balance due having been paid a day or so previously.
It is the contention ,of plaintiffs that the seizure or removal of the car was without any authority in law or in fact, and that as a result they are entitled to damages in the sum of $300, $200 by reason of the fact that they were deprived of the use of the car for five months, and $100 for the alleged humiliation and embarrassment which they suffered.
It is the contention of defendant that Bistes did not illegally remove the car; that he went to the residence where he saw Dorothy Watson, and that he told her that the amount was due and suggested that Fe be permitted to take the car and store it until the balance could be paid. It is conceded that as a result of this conversation, Dorothy Watson obtained the keys of the car from some place in her residence and gave them to Bistes.
In substantiation of the testimony of Bistes, who said that Dorothy Watson agreed that he might take the car and store it until the balance due could be paid, the defendant offered the testimony of Edgar Smithe, a friend of Bistes who was with him. Smithe said that Bistes told Dorothy Watson that if “she didn’t have the money * * *, the only thing that could be done would be to store the car until payment was made.”
Watson, who was at home at the time, says that when his wife asked him what to do “to keep the argument down” he toid her “ * * * if he wants the car give him the keys and let him have the car,” and to call their attorney and “let him know they had taken the car.”
Under all of the circumstances which appear, we cannot interpret the action of Dorothy Watson as a voluntary surrender of the car. The affair occurred on a Sunday afternoon, which gave, to the occurrence a tone of seriousness which might not have been otherwise present, and furthermore from the testimony of the two witnesses for the defendant, particularly from that of Smithe, we gather the impression, which no doubt was the impression of the Judge a quo,, that Dorothy Watson undoubtedly believed that she had only two alternatives, one being to pay the balance due and the other to permit Bistes to remove the car.
The situation is quite different from that which we found present in Dandry v. Cooper, La.App., 61 So.2d 750, for there we had no doubt at all that the removal of the boat was with the voluntary permission of the plaintiff.
We do not see that any substantial amount of damage has been sustained by plaintiffs. As a matter of fact they prayed for only $100 for humiliation and embarrassment, the other $200 being claimed for the loss of use of the car. The record convinces us that, as a matter of fact, they did not lose the use of the car for any time whatever. It was practically an abandoned wreck in front of their home. It had not been used for more than a month. They permitted it to remain in storage for five months, and then, when they received it back, did nothing to repair it for more than a month in addition.
Under all the circumstances, we are convinced that the $100 allowed them is ample remuneration.
The judgment appealed from is affirmed at the cost of defendant-appellant.
Affirmed.