LOTTINGER, Judge.
This is a suit for damages for an allegedly illegal seizure and wrongful conversion of petitioner’s 1949 model Hudson automobile. Petitioner seeks damages in the sum of $2,500 plus return of the automobile. The Lower Court dismissed petitioner’s suit and gave judgment for defendant. The petitioner has taken this, a de-volutive appeal.
The defendant, General Contract Corporation, was the owner and holder of a promissory note in the sum of $1,023.84, which note was secured by a chattel mortgage against petitioner’s 1949 model Hudson automobile. At the time of the alleged wrongful seizure, May 20, 1953, it is admitted by both parties that the petitioner was delinquent in his payments on said note. The petitioner claims that the de *142 fendant took the automobile against the consent of petitioner. Defendant, on the other hand, claims that there was an oral agreement between petitioner and defendant whereby the automobile was to be stored for petitioner until such time as he could bring his payments up to date. Petitioner claims that, as a result of the wrongful conversion, he suffered damages in the total sum of $3,048, in which is included the cost of the automobile amounting to $548.
The petitioner, testifying on his own behalf, stated that on May 20, 1953, he was approached by Mr. Tom Cassidy, an agent of the defendant corporation, who demanded of him that he pay two months delinquent installments immediately, or it would become necessary for him to take the automobile. The petitioner informed Mr. Cassidy that he did not have the money but would make the said 'payment on June 1st. Petitioner claims that Mr. Cassidy was not satisfied with this response but told him that he would have to take the car.
Petitioner claims that he did not know that he could refuse to permit the defendant the possession of the arttomobile, and, therefore, he made, no objection to Mr. Cassidy taking the automobile.
The defendant, on the, other hand, claims that the petitioner voluntarily surrendered the automobile to Mr. Cassidy for storage until such time as petitioner could bring his account up to date.
The only witness testifying on trial of the matter, other than petitioner and Mr. Cassidy, was Mr. James Taylor, the manager of the Big Four Motors’ lot. This was the lot on which petitioner’s’automobile was stored. He testified that he was present on the lot when Mr. Cassidy brought petitioner’s car in for storage. He stated on the witness stand that he was instructed to turn the car over to petitioner at any time that petitioner requested same. He further .stated that petitioner came to the lot several times but that he never asked for the can
The ’evidence shows that several articles belonging to petitioner were in the automobile at the time that "petitioner and Mr Cassidy had the conversation relative to storage of the automobile. ' Mr. Cassidy waited some,half hour to three-quarters of an hour while petitioner called a friend to pick him up in his automobile, and he was allowed to take such articles out of the Hudson car. Even after discussing the matter with his attorney, petitioner did not attempt to pick up the car, but chose rather to file this suit. His reason for not picking up the car was that, if such was done, the defendant would immediately file suit for sequestration. r
The evidence' further shows that the automobile had received rough treatment and that, at the time of the alleged conversion, the car was not worth the balance due on the note. Mr. Cassidy testified that it appeared that the car had been in several minor accidents.
The evidence fails to substantiate the petitioner’s demands. Had the car been illegally seized, as petitioner claims, it appears to this Court that petitioner would have immediately contacted his attorney in order to secure the return of the car. This would especially be true ’if,- as petitioner claims, his job became imperilled by his loss of possession ’of the car.
The petitioner has failed-’to prove his case by a preponderance of the evidence. Furthermore, the appellate courts of this state will not reverse the decisions of the _ lower courts except for obvious error. We do not believe there was such error below, and the judgment of the lower court will be affirmed.
For the reasons assigned, the judgment of the lower court is affirmed, all costs of this appeal to be paid by petitioner.
’ Judgment affirnied.