AYRES, Judge.
Plaintiff appealed from a judgment rejecting his demands for damages for the alleged invasion of his home by employees and agents of the defendant and the taking of furniture purchased by him from the defendant on credit, and for which he owed a balance.
Plaintiff alleged that defendant’s representatives appeared at his residence and, over his protest and without any legal authority, took possession of his furniture, consisting of one rug, four chairs, a rock- ■ ing chair, a mattress, a lamp and a fan. Defendant admitted that it obtained possession of said property, except the rug, but that such possession was obtained with the express consent of plaintiff, who surrendered and delivered the same to defendant’s agents.
The versions of the circumstances as given by plaintiff and his witnesses and as given by defendant’s representatives are at variance in several particulars. For instance, plaintiff testified that on the occasion involved he was in the back yard of his house; that his daughter and granddaughter were in the house; that when defendant’s agents arrived his daughter called for , him, whereupon he returned into the house, where he says he was told by one of the representatives that he had come after the furniture which had been sold to him. Plaintiff further testified that he told this representative he would receive'a check within the next few days and that if he could wait he could then make a payment on the furniture. This offer he says was refused and Adams, the representative, began collecting the aforesaid items and loaded them on the truck. Plaintiff’s testimony was corroborated by his daughter and granddaughter.
Adams’ version is that he was engaged on a collection mission for his employer, and on that occasion a colored truck driver of defendant drove him to plaintiff’s house, where they found plaintiff sitting on the porch. The driver remained in the truck and Adams approached plaintiff for a payment on the furniture, whereupon plaintiff stated that he could not pay for it and suggested that it be taken up. Adams called to the truck driver, who, with plaintiff’s assistance, moved the four chairs, rocking chair, mattress and lamp out of the house and loaded them on the truck. On account of its condition, the rug was not removed.
The plaintiff and defendant were in agreement with reference to the fan. All the witnesses stated that plaintiff informed defendant’s representatives that the fan was in the home of his daughter, a block or two away, and that plaintiff directed Adams and the driver to his daughter’s residence, with instructions to tell the daughter to let Adams have the fan. That was accomplished, and defendant received these items with the understanding between plain *340 tiff and defendant that such was in payment of the balance .due on the property.
The trial court was of the opinion that it was incumbent upon plaintiff to prove by a preponderance of, evidence an invasion of his private premises by the defendant or its'agents and the illegal taking of the furniture. It was held that plaintiff had not sustained that burden of proof.
There is no positive testimony that plaintiff entered any protest against the taking of the property. Plaintiff testified that he didn’t argue with Adams about the furniture and during the time Adams never spoke a “harm word” to him. There were no threats or intimidations whatsoever. Plaintiff showed neither by words nor actions any manifestation of any displeasure at the taking of the furniture. If, for any reason, he objected to the taking of the furniture, being present, he should have protested and let it be known that such was without his acquiescence. The attitude and conduct of plaintiff, as he himself described them, do not strike us as bespeaking a man whose rights had been invaded by defendant’s actions. The evidence does not establish this as one of those cases where a creditor has intimidated his debtor or has been guilty , of employing ruthless means in obtaining the property.
Defendant’s agents, under the facts and circumstances established by the record, could reasonably conclude that plaintiff consented to the repossession of the furniture. There is no dispute that plaintiff readily gav.e information as to the whereabouts of the fan and gáve instructions how they might reach his daughter’s residence in order to obtain the fan. Plaintiff was cooperative in this respect.
It is a well settled'principle of law that if a vendor of movables, without the consent, authority or acquiescence of the vendee and over his protest, enters upon the premises and in the residence of the vendee and takes possession of the articles so sold, he would be guilty of trespass, for which an action in damages would lie. Strahan v. Simmons, La.App., 15 So.2d 164. The plaintiff, for lack of supporting evidence, has failed to bring his case within this rule.
We find no manifest error in the judgment appealed from,, except we obsérve that although this action was instituted and prosecuted under the provisions of LSA-R.S. 13:4525 the plaintiff was condemned to pay the costs of court. This was in error, and we will, therefore, amend the judgment so as to relieve plaintiff from the payment of costs. Causey v. Opelousas St. Landry Securities Co., Inc., 192 La. 677, 188 So. 739.
The judgment appealed from is, therefore, amended, by relieving the plaintiff from the payment of costs and, as so amended, is affirmed.