95 So.2d 834 (1957)
Robert PRICE, Plaintiff-Appellant,
v.
GENERAL MOTORS ACCEPTANCE CORPORATION et al., Defendants-Appellees.
No. 8623.
Court of Appeal of Louisiana, Second Circuit.
May 27, 1957.
Rehearing Denied June 28, 1957.
*835 Gravel, Humphries, Sheffield & Mansour, Alexandria, for appellant.
Stafford & Pitts; Polk, Foote & Neblett, Alexandria, for appellees.
HARDY, Judge.
Plaintiff brought this suit for damages resulting from the alleged wrongful and illegal repossession of plaintiff's automobile, without resort to legal process and without plaintiff's consent. Named as defendants were General Motors Acceptance Corporation, which actually repossessed the automobile as the holder of a chattel mortgage thereon, and Southern Chevrolet Company, plaintiff's vendor of the vehicle on terms of credit under which the chattel mortgage in question was taken as security and transferred to GMAC. The basis of liability alleged against the Southern Chevrolet Company is that it accepted the automobile from GMAC, with knowledge of the wrongful repossession thereof, and subsequently sold it to a third party.
*836 After trial there was judgment in favor of plaintiff and against the General Motors Acceptance Corporation in the principal sum of $150, together with interest and costs, and plaintiff's demands against Southern Chevrolet Company were rejected. From this judgment plaintiff has appealed, seeking an increase in the amount of damages and also praying that Southern Chevrolet Company be held in judgment. Defendant, General Motors Acceptance Corporation has answered the appeal, praying that judgment of the district court be set aside and plaintiff's demands be dismissed in their entirety.
The issues presented on this appeal are briefly and correctly stated in brief of counsel for plaintiff-appellant, in effect as follows: Whether the taking and retention of plaintiff's vehicle was wrongful and without resort to legal process. Assuming the first issue is answered in the affirmative, the second issue concerns the quantum of damages.
We undertake consideration and discussion of the issues in the order presented.
The first point, of course, involves a finding of fact as to whether the vehicle was actually repossessed without the voluntary consent of plaintiff. On this question the district judge found in favor of plaintiff, and, in a written opinion, carefully recapitulated and analyzed the testimony of the witnesses. Without the necessity for so detailed a discussion, we need only say that we concur in the finding of the district judge, although we are impressed that this case presents an unusually close question of fact. It suffices to say that plaintiff testified that he did not agree to, although he did not oppose, the taking of the vehicle, and, as an affirmative proposition, he further swore that he refused to sign an agreement of voluntary repossession, which fact is conclusively established.
The principal witness for defendant, one Jack Butler, who was the agent in charge of the repossession, testified that, under his instructions, it was his responsibility to either collect plaintiff's two delinquent installments or take possession of the automobile. In other words, Butler was instructed to, and did, advise plaintiff that he must have the money or the automobile, a demand strangely reminiscent of the highwayman's demand "Your money or your life".
However, in the instant case we find there was no use of force, coercion or threat on the part of defendant's agent. The crucial point, as far as the defense is concerned, lies in the fact that plaintiff permitted the repossession without any show of active opposition. We think it appropriate to call attention to the fact that lack of opposition, under the facts of this case, cannot be construed as voluntary acquiescence, and, as a result, it must be concluded that defendant was guilty of a wrongful act in taking the automobile.
Repossession activities without resort to legal process, and allegedly without voluntary acquiescence on the part of the debtor, have brought about a constantly increasing number of court actions which now constitute a rather substantial body of jurisprudence. We note among the more recent cases Robinson v. Hook, La.App., 1 So.2d 336; Dandry v. Cooper, La.App., 61 So.2d 750; Grandeson v. International Harvester Credit Corp., 223 La. 504, 66 So.2d 317 (affirming La.App., 61 So.2d 550); Dorsey v. Central Finance Co., La.App., 65 So.2d 137; Gasquet v. General Contract Corp., La.App., 68 So.2d 141; Johnson v. Modern Furniture & Appliance Co., La.App., 76 So.2d 338; Wilson v. Brian, La.App., 81 So.2d 142; Brian v. Wilson, La.App., 81 So.2d 145.
In the Dandry and Johnson cases recovery was denied the respective plaintiffs on the grounds that they had failed to prove protests against the repossession. The holdings were predicated solely upon factual findings, and the opinions of the court indicate that the attitude of the plaintiffs influenced the conclusion reached. These *837 cases might be considered as authority for the reversal of the instant case on the ground that this plaintiff did not object to the repossession. Such a conclusion, however, is unjustified in view of the consideration that he was not asked for permission nor acquiescence but was simply told to pay or surrender the car. Additionally, it must be noted that plaintiff refused to execute the written acquiescence and surrender.
Although, as we have stated above, the factual issue in the instant case presents a close question, we think a fair interpretation preponderates in favor of the finding of the trial judge, and, accordingly, the question must be so resolved.
As to the quantum, counsel for plaintiff earnestly contends that the judgment should be increased to the total sum of $1,150, and he itemizes the damages claimed as follows:

"a. Deprivation and retention of plaintiff's
 said automobile, valued at $275.00 $275.00
 b. Humiliation, embarrassment and damage
 to reputation 500.00
 c. Loss of personal use of said vehicle,
 5 days at $5.00 per day 25.00
 d. Loss of use and service of vehicle for
 employment, 5 days at $10.00 per day 50.00
 e. Attorney's fee 300.00
 _________
 Total Itemized Damages $1,150.00"

In connection with a consideration of the question of damages, one pertinent fact was established on trial. The repossession took place at noon on Friday, November 26, 1954. On the following Tuesday morning plaintiff, who had obtained the money therefor, started down to the office of the defendant, GMAC, for the purpose of making his payments on the automobile and recovering possession thereof. En route to his destination plaintiff saw the automobile on the used car lot of the Pearce Motor Company, negotiated for and purchased the vehicle for a consideration of $50.00 cash. Proceeding to a consideration of the itemized demand for damage, we think the first item for deprivation and retention of the car, in the sum of $275, which was the claimed value of the car, was properly disallowed. The district judge held that there was no basis for recovery of this amount for the reason that plaintiff reacquired the automobile, by purchase, for $50 cash, which sum was allowed as the measure of damage. Unquestionably this finding was correct.
The amount of $500 claimed for "humiliation, embarrassment and damage to reputation" is grossly exaggerated. Defendant's agent used no force, threat, intimidation nor form of coercion; plaintiff's premises were not invaded, and only one person, beside members of plaintiff's family, observed the incident, and this individual did not hear what was said nor know what transpired. Under these facts the allowance of $100 was adequate for the degree of humiliation and embarrassment suffered by plaintiff. There is nothing in the record which indicates any damage to plaintiff's reputation.
On this point we are constrained to observe that the allowance of damages for humiliation and embarrassment might very easily become subject to abuse, and thus result, in effect, in the assessment of what would constitute punitive damages. It is quite true, as observed by our courts in a number of cases, that a certain degree of humiliation and embarrassment is implicit under the circumstances of repossession of property; that damages of this nature are vague and indefinite and hardly susceptible to exact determination; that humiliation and embarrassment are somewhat synonymous with pain, which cannot be seen but which is nonetheless a matter of subjective suffering to the individual involved. On these grounds the courts have assessed and approved an allowance of damages, even without exact and definite proof. But it must be observed that such allowances have invariably been fixed in nominal amounts, and we unreservedly concur in this established custom. To do otherwise would be to open the door to the infliction of unjust and unwarranted penalties. However, it must be considered that these observations are not intended to serve as a *838 guide nor as a pronouncement with respect to those cases where the taking of property, under the guise of repossession, has been accompanied by flagrant circumstances of violence or threats, or has been attended by actions calculated to inflict definite evidence of humiliation and embarrassment resulting therefrom.
Proceeding to a consideration of plaintiff's claims, we think the items for loss of personal and employment use of the automobile were properly rejected, in view of the fact that plaintiff was permitted to use an automobile or truck belonging to his employer during the time intervening between repossession and his reacquisition of his own vehicle. Nor is it established, except on the basis of conjecture, that plaintiff would have suffered any real loss chargeable to these purposes.
Finally, the claim for attorney's fees has no slightest justification. As we stated in Wilson v. Brian, La.App., 81 So. 142, such fees are generally awarded under contractual agreement or as the result of statutory enactment. Claims for attorney's fees in prosecuting claims for damages have been uniformly disallowed. Davis-Wood Lbr. Co. v. Canulette Shipbuilding Co., 164 La. 301; 113 So. 855 (citing Chapuis v. Waterman, 34 La.Ann. 58, 61; Roos v. Goldman, 36 La.Ann. 132; Manning v. Cohen, 124 La. 869, 870, 50 So. 778); Robinson v. Hook, La.App., 1 So.2d 336.
For the reasons set forth we think the allowance of the total sum of $150, as damages, is adequate under the proof established.
Counsel for plaintiff contends that the defendant, Southern Chevrolet Company, was guilty of aiding and abetting the wrongful conversion, performed by its co-defendant, in that it took the car without a surrender form and without plaintiff's transfer. Cited in support of this position is Edwards v. Max Thieme Chevrolet Co., La.App., 191 So. 569.
As observed by the district judge, the facts of the cited case do not apply, inasmuch as the evidence in the instant case does not establish the bad faith or the knowledge of any wrongful acts on the part of Southern Chevrolet Company. It follows that judgment discharging the latter from plaintiff's demands was correct.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.