203 So.2d 90 (1967)
Roy E. EDWARDS, Plaintiff-Appellee,
v.
Andrew BUTLER et al., Defendants-Appellants.
No. 10845.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1967.
Campbell, Campbell, Marvin & Johnson, Minden, for appellants.
Fish & Montgomery, Springhill, for appellee.
Before AYRES, BOLIN and BARHAM, JJ.
AYRES, Judge.
This is an action for damages occasioned plaintiff by defendants' extrajudicial repossession of a cash register and adding machine because of plaintiff's failure to pay a balance due on the purchase price. From a judgment in favor of plaintiff for the sum of $250.00, $50.00 of which represented the equivalent of a cash payment on the purchase price and $200.00 for an allowance for humiliation and embarrassment, defendants appealed.
The only question presented for resolution relates to the quantum of the award. Defendants contend that the award for humiliation and embarrassment was excessive and should be reduced to $100.00. Defendants concede that the property was repossessed extrajudicially, but assert such repossession was accomplished without the use of force, threats, coercion, or intimidation.
The pertinent facts may be briefly stated. After the allowance of a credit of $50.00 for other merchandise taken in trade, there was a balance due on the purchase price of the merchandise involved of $188.70, payable in three consecutive monthly installments of $62.90 each. None of these installments were paid, despite repeated amicable demands and the giving of checks in payment thereof which were returned unpaid because *91 of insufficient funds. Becoming exasperated by their failure to effect collection, one of defendants, in the absence of plaintiff from his place of business, took possession of and stored the property in defendants' warehouse. Only plaintiff's clerk was present when the repossession took place.
The quantum of damages in cases of this nature is measured first by actual damages, which is customarily the amount paid on the merchandise unlawfully repossessed, and damages for humiliation and embarrassment. Grandeson v. International Harvester Credit Corp., 61 So.2d 550 (La.App., 2d Cir. 1952). A certain degree of embarrassment is implicit under the circumstances of repossession of property. The measure of damages awarded depends upon the particular factual situation in each individual case. Defendants contend, where the repossession was effected without the use of force, threats, intimidation, or coercion, only nominal damages should be awarded. Cited in support of this proposition are: Price v. General Motors Acceptance Corporation, 95 So.2d 834 (La.App., 2d Cir. 1957); Levy v. Andress-Hanna, Inc., 96 So.2d 373 (La.App., 2d Cir. 1957); Johnson v. Smelley, 185 So.2d 293 (La.App., 1st Cir. 1966).
These authorities unquestionably support the proposition for which they were cited. In the Price and Johnson cases, an award in the sum of $100.00 was made in each instance. In the Levy case, $150.00 was allowed.
However, in the instant case, plaintiff testified that he was embarrassed and humiliated in having to make change for his customers out of a cigar box. Defendants assert, on the other hand, that this embarrassment and humiliation was so slight and negligible as to be, for practical purposes, nonexistent. However slight that may have been, the humiliation and embarrassment were unquestionably real to plaintiff.
The principle is well recognized in the jurisprudence of this State that a trial court is vested with considerable discretion in awarding damages and unless there has been an abuse of this much discretion an award will not be disturbed on appeal. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964).
No substantial reason has been advanced and, from our review of the record, we find no basis for concluding that the trial court abused its discretion in fixing the award in this case.
Hence, for the reasons assigned, the judgment appealed is affirmed at defendants-appellants' costs.
Affirmed.