275 So.2d 459 (1973)
Glen COX, Plaintiff-Appellant,
v.
Jerry M. SMITH et al., Defendants-Appellees.
No. 12035.
Court of Appeal of Louisiana, Second Circuit.
March 6, 1973.
*460 Godfrey & O'Neal by Hodge O'Neal, Many, for plaintiff-appellant.
Leslie B. Bagley, Mansfield, for defendants-appellees.
Before BOLIN, PRICE and HEARD, JJ.
HEARD, Judge.
This action for injunctive relief and damages was brought by Glen Cox against Jerry M. Smith, d/b/a Jerry Smith Marine, and Roy Webb, Sheriff of DeSoto Parish, to enjoin the sale of his boat and motor. Smith had obtained a prior judgment against Cox, and seeking to execute on it, seized the boat and motor under a writ of fieri facias. Cox contended these items were exempt under LSA-R.S. 13:3881(2) as tools necessary to the exercise of his trade as a commercial fisherman. Smith contends Cox was not a commercial fisherman. The trial court granted judgment in favor of defendants rejecting plaintiff's claims. Glen Cox appealed.
Cox alleges not only that the trial court erred in its factual and legal findings, but also that he was deprived of his property without due process of law and without a full and fair hearing. This contention springs from the fact that a judge other than the one before whom the case was heard rendered this judgment on the basis of answers to interrogatories contained in the record, and the trial judge's notes, without the transcript, which was not transcribed until after judgment. We find it unnecessary to consider the latter contention as this court now has the complete record before it and is empowered to render any judgment which is just, legal and proper upon this record. LSA-C.C.P. Art. 2164.
Turning to the merits, the primary issue is the proper interpretation of the exemption statute. LSA-R.S. 13:3881(2) states:
"The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
(2) The tools, instruments, and books necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, in whole or in part;. . ."
It was the trial judge's conclusion that the above statute is intended to exempt only the tools and instruments by which the debtor earned a substantial portion of his livelihood, and found Cox had not sustained his burden of proving that fishing was his principal occupation or that any substantial portion of his income was derived from the sale of fish caught by him. With this conclusion we cannot agree. The statute itself reads ". . . in whole or in part" and the word "part" is in no way modified by the word "substantial", "major", or any others which might imply a necessary percentage. Furthermore, the language of the statute is a codification of the prior jurisprudence as shown by the following quotation from Wilbert's Sons *461 Lumber Company v. Ricard, 167 La. 416, 119 So. 411 (1929):
"We can find nothing in the statutes which requires that it be shown that the `trade, calling or profession,' in which the tool or instrument is used, was the exclusive means by which the debtor obtained a living for himself and family in order to entitle him to the exemption, nor is there any justification for the assumption that the debtor made his living on the farm and that the other trade or calling was a mere side line operated for speculative purposes only.
"It not infrequently happens that it requires a combination of `trades, callings, and professions,' to eke out even a bare living for a man and his family. It would be requiring almost the impossible to show which was the dominant calling, or the one which contributed the most to the support of the expenses of the household.
"As stated, the relator was engaged in farming as well as slaughtering and transporting cattle to the market. It is just as fair to assume that it required what he made out of the combined operations to provide for his family as it is to assume that one calling was sufficient and the other purely speculative."

[119 So. 411, 412]
The above was also quoted with approval in Lafourche Ice and Shrimp Company v. Gilbeau, 185 So. 310 (La.App., 1st Cir. 1938).
In the instant case there is sufficient evidence to support Cox' claim that he catches and sells fish as part of his income. The fact that he engages in other activities (some farming and hog raising, as well as drawing a monthly disability check) for which he also received remuneration, are of no import to the exemption question. Unlike the court below, we find the evidence is clear that a boat and motor are necessary to this plaintiff's trade or calling. Since Cox' income is partially derived from his fishing, the seizure of the instruments necessary to exercise it cannot be allowed. The writ is therefore dissolved.
As to quantum, plaintiff claimed damages for humiliation and inconvenience, loss of nets and tags, rentals for a boat and motor to replace the ones seized, and attorney's fees. There is no proof of any humiliation suffered by plaintiff, and the only inconvenience pointed out was that he had to retain an attorney in another town for which no recovery for inconvenience can be awarded.
Cox contends he is entitled to $2 per day for rental of a boat from June, 1971, but the evidence is not convincing that he rented a boat.
Claude Eubanks testified his family and the Cox family were close friends; that Cox came to him and stated he would pay Eubanks $2 per day for a boat. The only discussion as to length of time Cox would need a boat was "when everything is settled off". No request has been made for payment and Eubanks stated he really didn't know how much he owed. Therefore this item of damages is denied.
With reference to rental of a motor, Carlie Sayers testified he had a ten horse power Johnson motor worth $75 and Cox came to him stating he wanted to rent it at $6 per day. Sayers further stated if he could get $75 for the motor he would be satisfied, and to this extent we believe Cox has proven damage for this item in this amount.
It is uncontradicted that four gill nets at $35 each and tags (4 Louisiana at $5 each; four Texas tags at $1 each) attached to the nets were lost or destroyed when Cox was unable to retrieve them after the seizure. He is entitled to recover this loss.
Of necessity Cox was required to employ counsel to restrain the sale of his property and release the seizure and should be allowed attorney's fees. Skelley v. Accounts *462 Supervision Company, 53 So.2d 520 (La.App.2d Cir. 1951); Gunn v. Credit Service Corporation, 46 So.2d 628 (La. App.2d Cir. 1950). Both cases allowed $100 for attorney's fees. We feel that from the testimony adduced in this case $500 for attorney's fees is justified.
The judgment of the lower court is reversed and it is ordered, adjudged and decreed there be judgment in favor of plaintiff, Glen Cox, dissolving the writ of fieri facias.
It is further ordered, adjudged and decreed there be judgment in favor of Glen Cox and against Jerry M. Smith d/b/a Jerry Smith Marine, in the full sum of Seven Hundred Thirty Nine and No/100 ($739) Dollars, with legal interest from judicial demand until paid, and for all cost.