339 So.2d 513 (1976)
Charles W. LEE, Plaintiff-Appellee,
v.
Gilton LEWIS, d/b/a Lewis Motor Company, Defendant-Appellant.
No. 13046.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1976.
Rehearing Denied December 6, 1976.[*]
*515 Campbell, Campbell & Johnson, by John T. Campbell, Minden, for defendant-appellant.
Emmons, Henry & Reeves, by Joseph A. Reeves, Jr., Jonesboro, for plaintiff-appellee.
Before BOLIN, PRICE and JONES, JJ.
En Banc. Rehearing Denied December 6, 1976.[*]
PRICE, Judge.
Gilton Lewis has appealed from the judgment awarding Charles W. Lee damages for the wrongful seizure of a pickup truck which Lee purchased on credit from Lewis Motor Company.
The issues presented are: 1) Did the trial court abuse its discretion in refusing to grant defendant a continuance based on the absence of his counsel on the date of trial or by rendering a decision prior to defendant's counsel submitting a brief? 2) Was the repossession of the truck a tortious conversion under the facts presented? 3) Was the amount awarded for damages excessive?
PROCEDURAL QUESTIONS URGED BY DEFENDANT
Defendant contends the trial judge abused his discretion in refusing to grant a continuance of the trial set for June 28, 1974, because of the absence of defendant's counsel who was attending court in another jurisdiction. Two other members of the law firm representing defendant were in court on other matters on the date of trial. They were allowed a sufficient delay to assemble defendant's witnesses, and they did make a presentation of defendant's evidence. The record shows the case had been pending for approximately two years, and had been fixed for trial and upset previously at the request of defendant's counsel. Under these circumstances, we find no abuse of the discretion of the trial judge in requiring the case to proceed to trial as scheduled.
There is no showing that the trial judge arbitrarily decided the case without allowing defendant's counsel an opportunity to file a brief. The minutes show defendant's counsel's brief was to be filed within fifteen days after the filing of plaintiff's brief. Plaintiff filed his brief shortly after the date of trial without waiting for the transcript of testimony. Approximately two and one-half months later, the court rendered a decision although defendant had not submitted a brief. Defendant's counsel has not shown that he made a request for an extension of time based on the absence of a transcript of the testimony. Therefore, the trial judge was justified on rendering his decision in accord with the method of submission ordered at the completion of trial.
THE ISSUE OF LIABILITY FOR TORTIOUS CONVERSION
On March 4, 1972, defendant, a Minden used car dealer, sold plaintiff the pickup truck for a credit price of $2,160 represented by a note payable at $72 per month beginning April 4, 1972. Plaintiff paid the April installment, but did not pay the May and June payments when due. Prior to the due date of the July installment, defendant sent two employees to the residence of plaintiff in the rural area of Bienville Parish to take possession of the truck and store it until plaintiff made satisfactory arrangements to bring the delinquent payments up to date.
The question of liability for an illegal repossession hinges on whether the truck was voluntarily surrendered by plaintiff. The default in payments by plaintiff does not justify the repossession by defendant's agents of his truck without resort to proper legal process unless he voluntarily consented to the method of repossession. Levy v. Andress-Hanna, Inc., 96 So.2d 373 (La.App. 2nd Cir. 1957).
*516 Plaintiff contends the defendant's employees came to his house and told him they had been sent for the truck by defendant because the payments were delinquent. He further contends that although he offered to pay them the two installments then past due, they refused to accept the payments as they had been instructed to bring the truck in to be stored, and that he would have to make payment directly to defendant.
Although this version of the facts surrounding the repossession is disputed by defendant and his employees, the trial judge found the testimony of plaintiff and his corroborating witnesses sufficient to establish the surrender of the truck was not voluntary.
This is a reasonable construction of the evidence. Defendant's agents admitted they could not accept payment of the past due amount, but were under instructions to bring in the truck. Plaintiff was not requested to sign a written consent for release of the vehicle. The fact that plaintiff did not physically resist defendant's agents in their taking possession of the vehicle does not establish voluntary consent on his part. Under the circumstances, the trial judge properly found the repossession constituted a tortious conversion.
REVIEW OF DAMAGES AWARDED
The trial court allowed plaintiff as special damages, the sum of $572, representing the $500 trade-in value of an automobile, and the $72 payment made by plaintiff on the chattel mortgage note. The court awarded general damages of $750 for humiliation and embarrassment. The judgment ordered the cancellation and return of the promissory note and chattel mortgage executed by plaintiff on the vehicle. Plaintiff's claim for attorney fees was rejected.
Defendant contends the judgment is excessive and should be reduced. Plaintiff has answered the appeal requesting he be awarded attorney fees for an illegal seizure of his property.
The items of damage complained of by defendant is the amount of general damage for humiliation, embarrassment, and inconvenience awarded to plaintiff. Defendant contends the amount awarded is punitive when considered under the standards set forth in Price v. General Motors Acceptance Corporation, 95 So.2d 834 (La.App. 2nd Cir. 1957). We find the circumstances surrounding the repossession to have caused plaintiff a minimal amount of embarrassment and an award of $200 would be adequate.
Defendant also contends the judgment is erroneous in ordering the cancellation of the indebtedness owed by plaintiff on the chattel mortgage note. He contends the indebtedness is not affected by the repossession and that the damages should not exceed the fair market value of the truck at the time of the repossession under the case of Johnson v. Smelley, 185 So.2d 293 (La.App. 1st Cir. 1966). Also see Vercher v. Toda Enterprises Inc., 216 So.2d 318 (La.App. 3rd Cir. 1968). Defendant also contends any judgment in favor of plaintiff should be offset by the balance still owing on the chattel mortgage note.
These cases do set forth the proper method of arriving at damages for an illegal repossession of a motor vehicle. It is apparent, however, that the trial judge attempted to accomplish a result substantially in accord with these decisions by ordering the cancellation of the indebtedness owed. This observation is based on the coincidence that the value of the vehicle and the balance owed on the note are approximately the same. The court accepted the cash sales price shown in the contract of sale ($1,995) as reflecting the value at the time of repossession because such a short time intervened between the two events. This in practical effect gave plaintiff the correct measure of damage for loss of the truck and also allowed defendant to receive credit against this amount the approximate sum owed by plaintiff under the mortgage note ($2,088). This ruling reaches the most equitable result under the circumstances.
The judgment ordering the cancellation of the indebtedness and return of the note to plaintiff should be conditioned on plaintiff's *517 execution of the necessary instruments for transfer of title.
The trial court was correct in denying plaintiff's request for attorney fees. Plaintiff relies on a decision of this court to support his argument that attorney fees are recoverable as an item of damages in an illegal seizure. Cox v. Smith, 275 So.2d 459 (La.App. 2nd Cir. 1973).
In the Cox case, the allowance of attorney fees was to recompense the plaintiff for cost occasioned in hiring an attorney to obtain injunctive relief to prevent the sale of exempt property under a writ of seizure and sale. The circumstances warranted an exception to the general rule that attorney fees are not recoverable except when agreed to by contract or as provided by statute. This case is not sufficiently analogous to the circumstances of Cox to bring it within the exception to the general rule on recovery of attorney fees.
The judgment is amended to reduce the amount of general damages to the sum of $200. The order for defendant to return the mortgage note and to cancel the indebtedness represented thereby is subject to the plaintiff executing the necessary transfer of title to the vehicle. As amended, the judgment is affirmed at appellant's costs.
NOTES
[*] Marvin, J., recused.