350 So.2d 193 (1977)
Judy SAMANIEGO, Plaintiff-Appellant,
v.
HORSELESS CARRIAGE, INC., d/b/a Car Land, Defendant-Appellee.
No. 13282.
Court of Appeal of Louisiana, Second Circuit.
August 29, 1977.
Rehearing Denied September 26, 1977.
Writ Refused November 23, 1977.
*194 Guerriero & Placke by Joe D. Guerriero, Monroe, for plaintiff-appellant.
Jerry L. Finley, Denham Springs, for defendant-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied September 26, 1977.
BOLIN, Judge.
Plaintiff purchased a used car from defendant. When she became delinquent in her payments, defendant's agent located and returned the vehicle to defendant's car lot. Alleging her automobile was seized without her consent or a court order, plaintiff sued for damages for wrongful seizure. Defendant denied the taking was wrongful and reconvened for the balance of the purchase price of the car. The trial court found implied consent to the taking, rejected plaintiff's demands, and awarded defendant judgment on its reconventional demand. Plaintiff appeals and we reverse.
The principal issue is whether plaintiff voluntarily surrendered her automobile to defendant.
In 1976 plaintiff purchased a 1971 Volkswagen from Car Land for $1,250. She paid $450 cash and signed a note for the balance payable in thirteen monthly installments. This note was secured by a chattel mortgage. The debt became delinquent, plaintiff paying only one installment.
Defendant's collecting agent located both plaintiff and her vehicle. He told plaintiff that he had to take the car unless she could make the necessary payments that evening. He testified that he made no attempt that night to secure her written consent to the removal. Instead, the agent presumed her consent because she never told him that he could not take the car and because she allegedly helped him start the car by crossing the ignition wires.
Following the discussion with plaintiff, the agent drove the car to defendant's lot where it was to be stored until plaintiff became current with her payments. After the taking plaintiff visited the car lot, retrieved personal items from the car, but apparently did not demand the return of the car. The vehicle remained on defendant's lot until the date of trial.
The trial court accepted defendant's version of what happened on the night of the taking and during the days that followed. *195 We find no error in this factual conclusion of the trial court. Canter v. Koehring Co., 283 So.2d 716 (La.1973). However, we find the lower court erred in concluding that those facts constituted consent.
Unless a debtor freely consents to the repossession, a creditor may seize property only through judicial process. Lee v. Lewis, 339 So.2d 513 (La.App. 2d Cir., 1976); Vercher v. Toda Enterprises, Inc., 216 So.2d 318 (La.App. 3d Cir., 1968).
Our courts limit approval of extra-judicial repossessions to those cases where it can be clearly shown that the debtor consents to the repossession. Grandeson v. International Harvester Credit Corp., 61 So.2d 550 (La.App. 2d Cir., 1952), aff'd, 223 La. 504, 66 So.2d 317 (1953). This consent must be proved as any other fact tending to show a state of mind. Where it is not expressly given, orally or in writing, it may be inferred from actions which, when considered with one's words and all other circumstances, can lead to no other reasonable conclusion. But if the circumstances and words do not strongly imply consent to reasonable minds, it shall not be found. Mere inaction or the absence of protest to the taking does not imply consent. Lee v. Lewis, supra; Price v. General Motors Acceptance Corp., 95 So.2d 834 (La.App. 2d Cir., 1957).
We hold that the inferences drawn by defendant from plaintiff's conduct, including her subsequent acquiescence to the taking, do not manifest the clear consent required by law to relieve defendant of liability.
The measure of damages for the wrongful taking of a movable is the value of the property seized. Hitt v. Herndon, 166 La. 497, 117 So. 568 (1928); Bryson v. Bates-Crumley Chevrolet Co., Inc., 171 So. 605 (La.App. 2d Cir., 1937). Where there is a security interest, this value corresponds with plaintiff's equitable interest in the property. Levy v. Andress-Hanna, Inc., 96 So.2d 373 (La.App. 2d Cir., 1957). Since there is no evidence of the market value of the Volkswagen at the time of seizure, we compute plaintiff's equitable interest as the amount paid on the purchase price. See Grandeson v. International Harvester, supra. The record shows plaintiff paid $516 on the purchase price of the automobile ($450 cash and one $66 installment).
General damages may also be awarded in a suit for the wrongful taking of a movable. Price v. GMAC, supra. This taking involved neither violence nor threats; nor did plaintiff offer adequate proof of general damages to support a substantial award. However, she did prove an invasion of her rights, entitling her to recover nominal damages which we fix at $100. See Edwards v. Butler, 203 So.2d 90 (La.App. 2d Cir., 1967); Grandeson v. International Harvester, supra.
Defendant is not entitled to judgment on its reconventional demand. When it illegally seized the car, all claims it had against the automobile were eliminated from consideration as though defendant had asked for a rescission of the sale for nonpayment of the purchase price. If possible the result should restore the parties to the status quo. Bryson v. Bates-Crumley Chevrolet, supra. However, since plaintiff has not asked for the return of the Volkswagen, it would be responsive to the reconventional demand to recognize the defendant as owner of the automobile and condition the award of damages to plaintiff on her transfer of title to defendant. See Lee v. Lewis, supra.
The judgment of the lower court is set aside; judgment is now rendered in favor of Judy Samaniego against Horseless Carriage, Inc., d/b/a Car Land, for $616.00 with legal interest from judicial demand until paid. The mortgage note and the indebtedness represented thereby are ordered cancelled, conditioned upon plaintiff's executing the necessary transfer of title to the 1971 Volkswagen to defendant. The demands of defendant as plaintiff in reconvention are rejected.
It is further ordered that defendant pay all costs.