Mrs. Gladys Blaman Levy brought this suit against the Gulf Furniture Company for $300 as damages for the illegal seizure of her furniture.
The defendant answered admitting the seizure of the furniture, which it claimed had been voluntarily surrendered by the plaintiff.
There was judgment below dismissing plaintiff's suit and she has appealed.
It appears that sometime in 1939, Mrs. Levy purchased certain household goods from the defendant for the sum of $159.07, which she agreed to pay for in monthly installments. On September 14, 1940, after having paid $59.69, she was $6 in arrears. The defendant, being dissatisfied with her account, sent one of its employees with a moving van to her residence, demanding the $6 or the furniture. Mrs. Levy was unable to pay the $6 and the furniture was placed on the sidewalk. She was requested to sign a form of release, prepared by the defendant, which she refused to do, although the defendant's agent threatened to send for the sheriff. After several hours delay the furniture was removed to defendant's place of business.
The defense to the effect that Mrs. Levy had given consent to the removal of her property is not sustained. The evidence relied upon to prove Mrs. Levy's consent consists in her statement that since she did not have the $6 they would have to take the furniture. As she puts it: "I owed some money and I figure I have to let them take it, because it didn't have the money they asked for". We do not interpret this remark as in any way evidencing her consent, but simply as an indication that she believed that she was obliged to surrender the furniture in default of the payment of the $6 demanded of her.
We have had occasion a number of times in the past to consider similar cases where the vendors of merchandise on the installment plan have, without resorting to legal procedure, repossessed themselves of the merchandise sold because of the failure of the purchasers to meet their installments promptly. Lewis v. Burglass, La.App., 172 So. 807, and numerous authorities cited therein. We have uniformly held such action illegal and have awarded damages to claimants who have been subjected to such treatment. The amount of damages awarded in such cases has varied from $200 to $750. We believe in this case the minimum would be appropriate.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the plaintiff, Mrs. Gladys Blaman Levy, and against the Gulf Furniture Company, Inc., in the sum of $200 and all costs.
Reversed.
JANVIER, J., absent, takes no part.