81 So.2d 145 (1955)
Smead E. BRIAN, Plaintiff-Appellant,
v.
Carl WILSON, d/b/a Wilson Buick Company, Defendant-Appellee.
No. 8325.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1955.
*146 John G. Gibbs, Natchitoches, for appellant.
John Makar, Natchitoches, for appellee.
AYRES, Judge.
Plaintiff instituted this action for damages for the alleged illegal repossession and conversion of two automobile trucks by defendant, which plaintiff had purchased from defendant. This is a companion suit to Wilson v. Brian, La.App., 81 So.2d 142.
From a judgment rejecting plaintiff's demands, an appeal was perfected to this court.
The record discloses that plaintiff acquired from defendant October 7, 1952, a two-ton 1948 model Dodge truck for $350 and on or about November 1, 1952, a one and one-half ton 1946 model Chevrolet truck for $100. Notes were executed by plaintiff to defendant for the aforesaid sums, representing the total purchase price of said trucks. Previously, plaintiff had acquired a used Buick automobile from defendant, the credit portion of the price of which was represented by plaintiff's note, which had been negotiated to a finance company.
Following the purchase of the trucks, plaintiff became involved in financial difficulties and, on leaving the trucks with one Henry McDonald, his wife's grandfather, near Provencal, Louisiana, he and his wife left in the Buick automobile for Texas, where he remained for several months. The Buick automobile was finally located by the finance company on a street in Houston. While unable to contact plaintiff, defendant took possession of the trucks at McDonald's residence, carried them to Natchitoches, and, without the knowledge or consent of plaintiff, sold both trucks to one William Sholty, an operator of a wrecking yard at Campti, Louisiana. According to the invoices in the record, defendant received the sum of $56 for each of said trucks. Plaintiff had never made any payments on the purchase price of these trucks.
While the evidence of plaintiff and defendant is contradictory in several respects, it clearly appears, however, that defendant repossessed the trucks and took them into his own possession without the knowledge, permission or consent of plaintiff. Had he done so for the sole and only purpose of protecting and preserving the property, his actions would have been entirely proper under the circumstances as the trucks were parked in the open and were unprotected from the weather and elements; however, he went further than that and "consigned", as he stated, but which the invoices show that he sold, the trucks to the wrecking yard. Such was illegal and clearly constituted a conversion of plaintiff's property.
That plaintiff is entitled to damages as he may have sustained by the illegal actions of the defendant is well established in our jurisprudence. The question presented here, however, is whether or not plaintiff has sustained any damages whatsoever. *147 The judgment of the trial court was evidently based upon its finding that plaintiff had failed to establish any damages at all. In Hitt v. Herndon, 166 La. 497, 117 So. 568, where, after a sale of a dairy, the vendor wrongfully entered into the vendee's leased premises and repossessed the property sold, it was held that the purchaser was entitled to recover the value of the property converted by the seller, with interest, and as to the property purchased on which the vendor had a chattel mortgage, the vendee had a right to recover his equitable interest, which was equivalent to the amount of the purchase price which had been paid.
In the consolidated cases of Bryson v. Bates-Crumley Chevrolet Co., Inc., and Howard Crumley Co., Inc., v. Bryson, 171 So. 605, 606, this court, on rehearing, in reversing in part its original opinion, as reported in 166 So. 879, held that where the seller wrongfully converted and sold an automobile, the original purchaser had a right to recover the value of his equitable interest therein, which was equivalent to the amount of the purchase price which had been paid, without regard to the depreciation of the automobile, saying:
"In other words, plaintiff was entitled to the amount of his equity, which was fixed by the amount he had paid defendant. Why should this not be the proper basis upon which to fix his actual pecuniary loss? If defendant had attempted to rescind the sale for the nonpayment of the purchase price, which he had a legal right to do under Rev.Civ.Code, art. 2561, the law required that he place the purchaser in statu quo. In order to do this, he would have had to pay or tender to plaintiff the amount of money plaintiff had paid on the debt. If this be true, can it be said that defendant, by a tortious conversion, can place himself in a better position than he would have been had he proceeded in a lawful manner? We think not. To hold otherwise would be to place a premium on wrongdoing."
Plaintiff has not established that any pecuniary loss was occasioned by defendant's illegal and unwarranted acts. Therefore, he is not entitled to recover in that respect.
However, that is not the only or exclusive basis on which damages may be awarded in such cases. Where a creditor ignores and circumvents the provisions of the law designed for his use and benefit and resorts to a conversion of the debtor's property, a certain degree of humiliation and embarrassment is experienced by the debtor. In this case, there was a clear and illegal invasion of plaintiff's rights and a taking of his property without his knowledge and consent, however, not from his own premises but from premises where he had arranged for the trucks to be kept.
In a very similar case, where a refrigerator was repossessed under like circumstances, this court said:
"The only grounds for relief which have been here urged by appellant rest upon the contention that no damage was proved and that the title to the refrigerator is still in the plaintiff. With reference to the first contention we think it must be considered that prima facie proof of damage is established when the illegal invasion of a citizen's premises and an unlawful removal of his possessions is proved. A certain degree of humiliation and embarrassment is implicit under these circumstances. Damages of this character are of a vague and indefinite nature, which are hardly susceptible to exact determination. Plaintiff testified that he wanted the refrigerator; that he needed it, particularly because his wife was sick, and this uncontradicted testimony, of itself, at least established nominal damages. The jurisprudence is settled on the point that damages in cases of this nature are measured first by actual damage, which is customarily the amount paid on the article or articles which were unlawfully removed, and damages for humiliation and embarrassment. *148 This rule is iterated and substantiated by authorities cited in Robinson v. Hook, La.App., 1 So.2d 336, 337, in which case the court allowed $200 for humiliation and embarrassment `though the record shows plainly that there was no undue ostentation or publicity given to the affair.' The same observation may be made in the instant case.
"In this connection we think the allowance of $150 as damages for the invasion of plaintiff's rights is adequate in view of the failure to establish specific injuries which would justify a greater award." Grandeson v. International Harvester Credit Corp., 61 So.2d 550, 552.
In point also are the following cases:
Lewis v. Burglass, La.App., 172 So. 807; Robinson v. Hook, La.App., 1 So.2d 336, Blaman v. Gulf Furniture Co., Inc., La.App., 16 So.2d 561.
This case, however, belongs to that class in which the damages sustained were slight. Neverthless, plaintiff is entitled to recover for the humiliation and embarrassment caused him by the aforesaid illegal acts of the defendant. The procedure followed by the defendant finds no justification in law but is abhorred and condemned thereby. In line with the awards in the above cases, we have concluded that an award of $100 will do substantial justice between the parties.
Accordingly, it is now ordered, adjudged and decreed that the judgment appealed be and the same is hereby annulled, avoided, reversed and set aside, and there is now judgment in favor of the plaintiff, Smead E. Brian, against the defendant, Carl Wilson, doing business as Wilson Buick Company, for the full sum of $100, with legal interest thereon from judicial demand until paid, and for all costs, including the cost of this appeal.
Reversed and rendered.