## BRYSON v. BATES–CRUMLEY CHEVROLET CO., Inc.

## HOWARD CRUMLEY CO., Inc., v. BRYSON.

### No. 5232.

Court of Appeal of Louisiana. Second Circuit.

Jan. 5, 1937.

For former opinion, see 166 So. 879.

A. M. Pyburn, of Shreveport, for appellant.

Thos. M. Comegys, Jr., of Shreveport, for appellee.

DREW, Judge.

This case is before us on rehearing. The former opinion of this court, which is reported in 166 So. 879, correctly sets forth the issues and facts in the case, and we shall only restate here that which is necessary to a decision.

This is a suit for damages for the conversion of an automobile sold by defendant to plaintiff upon which defendant retained a chattel mortgage for the balance due. In our former opinion we found the car to be plaintiff's property and that it had been illegally converted and sold by defendant, but rejected plaintiff's demands as of nonsuit, finding that he could only recover the value of his equity in the car and took judicial notice of the fact that the car had depreciated some and, since the only evidence as to the value of the car on the date of conversion was that given by plaintiff, we relegated him to another suit to make this proof. The petition alleges value of the car on the date of conversion to have been $759.81, and the plaintiff, in reply to questions as to the value, said: "No, I don't know the real value of the car. The car had been driven less than 5000 miles and had not been hurt in any way. It was in good shape."

We also took into consideration the fact that, when defendant sold the car after the conversion, it only received

approximately the balance due by plaintiff. We were in error in considering this fact, for the reason that, when defendant illegally converted the car to itself, all claims it had against the car prior thereto were eliminated from consideration; and in a case of this kind plaintiff cannot plead compensation or setoff. Rev.Civ.Code, art. 2210.

■ We are of the opinion now that we misinterpreted the decision of the Supreme Court in the case of Hitt v. Herndon, 166 La. 497, 117 So. 568, 573, and, after further study of that case, we have concluded that it is on all fours with the one at bar. In that case the conversion was accomplished under more aggravated circumstances than in the present one. However, that was not taken into consideration by the court in awarding damages. Every conversion of the property of another is a tort and in some aggravated cases the amount of damages awarded exceeds the pecuniary loss. This case does not fall in the last-mentioned class, but, we think, should be governed by the Hitt v. Herndon Case. In that case we find the facts to be:

On December 8, 1934, plaintiff purchased from defendant a certain herd of cattle for dairy purposes for the price of $14,000. At the time he paid $2,000 and on later dates paid the additional amount of $3,419.40. The balance due on said herd was secured by chattel mortgage. The cattle were located on premises leased by plaintiff from defendant on the date the cattle were purchased. On November 19, 1935, nearly one year after the purchase was made, defendant illegally took possession of the leased premises and cattle and converted them to his own use. During the period plaintiff had possession of the cattle, a great number of the herd purchased from defendant died, and plaintiff purchased and added to the herd 70 cows and 10 calves, all of which were taken possession of illegally by defendant. Plaintiff asked for judgment for the value of the cattle added to the herd by him, and the court in rejecting this item of damages said: "The item was properly rejected by the trial judge for the reason that when defendant repossessed the herd, the number sold plaintiff by defendant had been decreased *at least* to the extent of the number added to it by plaintiff."

In allowing judgment for plaintiff for the amount paid on the purchase price of the cattle, the court said: "The sums of $4,000, $419.64, and $1,000 are credits or payments on the chattel mortgage notes, given by plaintiff for the purchase of the dairy herd from defendant, and, as they represent plaintiff's equitable interest in, or the value of, the property at the time it was converted, we are of the opinion that the judgment should have allowed interest on these various items from the date of conversion, November 19, 1925. Reynolds v. Reiss, 145 La. 155, 161, 81 So. 884."

■ It appears clear to us that, when the court used the conjunction *or* instead of *and*, it held plaintiff's equity in the cattle was the amount he had paid and that the damage he had sustained was the price he had paid, and the question of depreciation in value was not taken into consideration by the court. In other words, plaintiff was entitled to the amount of his equity, which was fixed by the amount he had paid defendant. Why should this not be the proper basis upon which to fix his actual pecuniary loss? If defendant had attempted to rescind the sale for the nonpayment of the purchase price, which he had a legal right to do under Rev.Civ.Code, art. 2561, the law required that he place the purchaser in statu quo. In order to do this, he would have had to pay or tender to plaintiff the amount of money plaintiff had paid on the debt. If this be true, can it be said that defendant, by a tortious conversion, can place himself in a better position than he would have been had he proceeded in a lawful manner? We think not. To hold otherwise would be to place a premium on wrongdoing.

Under articles 2504, 2505, 2506, and 2507 of the Revised Civil Code, a purchaser who has been evicted of the thing purchased may recover from his vendor the restitution of the purchase price, even though the vendor was in good faith in selling the thing and the eviction was by a third person. And under the provisions of article 2504, Revised Civil Code, the seller, although not subject to warranty, is, however, accountable for what results from his personal acts, and any contrary agreement is void.

If a legal eviction by a third person makes a seller liable for the full purchase price, even though the thing sold has lost in value or is considerably impaired, either from the neglect of the buyer or by a providential act or unforeseen acci-

dent, as provided for by article 2507 of the Revised Civil Code, then what good reason can be given for not making the seller liable at least for the full purchase price when he evicts the purchaser by a tortious conversion? We know of none.

Under the allegation of the petition as to the value of the car and the testimony of plaintiff above quoted, we possibly would have been justified in finding the value of the car on the date of conversion to have been $759.81, and especially since the defendant neither pleaded nor offered any testimony to show depreciation. It based its entire defense on the ground that it was legally in possession of the car as owner. The value of the car fixed by plaintiff was the purchase price of it, on which amount he had paid the sum of $281, for which amount he is entitled to judgment.

Since the filing of this suit, defendant has changed its name to Howard Crumley Company, Incorporated, and has been substituted as party defendant in the place of the original defendant.

We are convinced our former judgment is erroneous, in so far as it applies to the suit of George Bryson v. Howard Crumley Company, Incorporated. It is now recalled and set aside; and there is now judgment for plaintiff and against defendant, affirming the judgment of the lower court with costs.

TALIAFERRO, J., dissents, adhering to former opinion.