577 So.2d 821 (1991)
Bobbie JONES, Plaintiff-Appellant,
v.
Gary PETTY d/b/a Automobile Exchange, Defendant-Appellee.
No. 22279-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
*822 UAW-GM Legal Services Plan by Belinda Addison, Shreveport, for plaintiff-appellant.
Gary Petty, in pro. per.
Before MARVIN, HIGHTOWER and STEWART, JJ.
STEWART, Judge.
This suit arises out of an allegedly illegal repossession of a 1956 Chevrolet Belaire. The plaintiff, Bobbie Jones, appeals a Bossier City court judgment awarding her damages against the defendant, Gary Petty. For the following reasons, we amend the trial court judgment and, as amended, affirm.

FACTS
On December 23, 1987, Bobbie Jones purchased a 1956 Chevrolet Belaire from Gary Petty for the purchase price of $950. Ms. Jones paid $400 toward the purchase price and agreed to pay weekly installments of $75 until the entirety of the price was paid.
Ms. Jones paid two more installments of $75 each on January 13, 1988, and January 23, 1988, and a third for $100 on January 16, 1988. An additional $40 which was originally given to Mr. Petty on January 13, 1988 as payment on another vehicle was applied to the 1956 Belaire when that sale fell through. Because of mechanical problems with the Belaire, Ms. Jones was unable to operate the vehicle beyond April or May of 1988. As a result, it was parked in her front yard without tags and with two of its tires removed.
On August 2, 1988, the car was discovered missing and Ms. Jones filed a police report. Inside the vehicle were tools, a cassette radio player, booster cables, and a sweater. Subsequently, Ms. Jones discovered the vehicle on the property of Gary Petty who later sold the vehicle to a third party. Mr. Petty claimed to have obtained the vehicle sometime after August 1, 1988, after finding it abandoned on Interstate 20.
Ms. Jones thereafter filed suit against Mr. Petty alleging wrongful repossession of her vehicle, seeking $2,287 in damages, in addition to costs and attorney's fees under the Louisiana Unfair Trade Practices and Consumer Protection Law (LSA-R.S. 51:1401, et seq.). These damages included $1,000 for the value of the property, $287 for the value of movable property in the vehicle at the time of the repossession, and $1,000 for embarrassment and humiliation.
Mr. Petty represented himself at the trial held on October 30, 1989. The trial court rendered judgment in favor of plaintiff awarding her $600 in damages plus interest thereon and $500 in attorney's fees.
Ms. Jones appeals this judgment arguing the following assignments of error:
(1) The trial court abused its discretion in awarding insufficient damages; (2) the trial court erred in failing to award general damages; (3) the trial court erred in failing to award damages for movable items in the vehicle at the time of the wrongful seizure; and (4) the trial court abused its discretion in awarding insufficient attorney's fees.
Mr. Petty has filed a pro se brief asserting that he did not in fact repossess the car and that the allegations that he seized the vehicle from the driveway are untrue.

DISCUSSION
Gary Petty argues that he did not repossess the vehicle in question but found it abandoned on the interstate highway.
It is well settled that when goods are repossessed without judicial process, *823 the consent of the owner must be shown by the seizing creditor in order to avoid legal liability. Cook v. Spillers, 574 So.2d 464 (La.App. 2d Cir.1991); Moore v. Goodyear Tire and Rubber Co., 364 So.2d 630 (La. App. 2d Cir.1978); Samaniego v. Horseless Carriage, Inc., 350 So.2d 193 (La.App. 2d Cir.1977), writ refused, 352 So.2d 240 (La. 1977); Lee v. Lewis, 339 So.2d 513 (La.App. 2d Cir.1976). A default in payment by the plaintiff does not justify the repossession by the defendant's agent without resort to proper legal process unless the plaintiff voluntarily consents to the method of repossession. This consent must be proved as any fact tending to show a state of mind. Consent given to the seizure must be that of the debtor. Cook, supra.
Although Mr. Petty contended at trial that he did not repossess the vehicle, the trial court determined otherwise. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Clearly, Mr. Petty's actions in seizing and selling the vehicle demonstrate his intention of regaining ownership. This, when coupled with the fact that Ms. Jones had not completed making payments on the vehicle strongly suggests that a repossession did take place. In order to escape liability under these facts, Mr. Petty must demonstrate that he obtained the consent of Ms. Jones. Mr. Petty does not argue that he obtained this consent and, in fact, he denies knowing where to locate Ms. Jones. Thus, an assessment of damages was appropriate. Cook, supra.
Ms. Jones argues that the damages awarded in this case were insufficient. We find merit to her argument in this regard. The measure of damages for the wrongful seizure of a movable is the value of the property seized. When there is no evidence of the market value of the movable at the time of the seizure, the equitable interest is the amount paid on the purchase price. Cook, supra; Samaniego v. Horseless Carriage, Inc., supra. The evidence indicates that the car was sold for $950. A $400 down payment was given by Ms. Jones to Mr. Petty initially, and the testimony further reveals that she made additional payments totalling $690. Although no evidence was presented as to the market value of the vehicle at the time of the seizure, Ms. Jones is entitled to damages equal to the amount paid on the purchase price. It shall be necessary to amend the trial court judgment to reflect this sum.
Ms. Jones next argues that the trial court erred in failing to award damages for the value of the movable property in the car at the time of the wrongful seizure.
An award of damages for movable items in a vehicle is appropriate in a wrongful repossession case. Holley v. Singletary, 464 So.2d 410 (La.App. 1st Cir. 1985). The evidence reveals that a cassette player, a tool chest, booster cables, a floor jack, and a ten-ton floor jack were in the vehicle at the time of the seizure. While the testimony is vague as it relates to the value of these items, we feel that an award of $287 which was originally pled by the plaintiff is reasonable. The trial court judgment is amended to reflect this amount.
The plaintiff also argues that the trial court erroneously failed to award general damages in this case.
General damages may be awarded for the plaintiff's embarrassment, humiliation, or inconvenience as a result of a wrongful seizure. Cook, supra. Shortly after the vehicle was taken from her back yard by Mr. Petty, Ms. Jones reported the loss to the police. Ms. Jones experienced some inconvenience as the result of Mr. Petty's conduct. She was not deprived of the use of the car since it was inoperable at the time. Ms. Jones is entitled to nominal, general damages of $200.
Finally, Ms. Jones alleges that the trial court erred in awarding insufficient attorney's fees. The trial court awarded $500 in attorney's fees under the provisions of LSA-R.S. 51:1405(A) and R.S. 51:1409(A), the Unfair Trade Practices and *824 Consumer Protection Law.[1] This court has consistently applied these statutes and awarded attorney's fees when a defendant has been guilty of a wrongful repossession. Cook, supra; Moore v. Goodyear Tire and Rubber Co., supra. In Moore, supra, the court found that the defendant's actions in entering the plaintiff's house and taking his property without the plaintiff's knowledge or consent amounted to an unfair trade act or practice. In Cook, supra, this court reversed the trial court and held that when the defendant's representative simply appeared at Mrs. Cook's residence and told her he was removing the vehicle, such action was a wrongful repossession and amounted to a violation of the Unfair Trade Practices and Consumer Protection Law, thus entitling the plaintiff to damages, attorney's fees, and costs. In this case as well, Ms. Jones is entitled to reasonable attorney's fees. Because of the nature of the case and the time (55.8 hours) expended by counsel in preparation and trial, we conclude that the amount of $1,000 is reasonable.

DECREE
The judgment of the trial court is amended to increase the award of damages to $1,177 and the award of attorney's fees to $1,000 at the costs of defendant.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] LSA-R.S. 51:1405(A) provides:

Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
LSA-R.S. 51:1409(A) provides, in pertinent part:
Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.... In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney's fees and costs....