617 So.2d 1191 (1993)
Joe B. BRYANT, et ux., Plaintiffs-Appellees,
v.
SEARS CONSUMER FINANCIAL CORPORATION, et al., Defendants-Appellants.
No. 91-1192.
Court of Appeal of Louisiana, Third Circuit.
March 10, 1993.
Writ Denied May 14, 1993.
*1192 Raymond C. Jackson II, Lafayette, for plaintiffs-appellees.
Armand J. Brinkhaus, Sunset, for defendants-appellants.
Before DOMENGEAUX, C.J., and STOKER, KNOLL, SAUNDERS and DECUIR, JJ.
SAUNDERS, Judge.
This is an appeal taken by defendants-appellants, Sears Consumer Financial Corporation, (Sears), from a judgment in favor of the plaintiffs-appellees, Joe B. Bryant and Lucille Bryant. We affirm as amended and remand.

FACTS
In April of 1984, the plaintiffs, Joe B. Bryant and Lucille Bryant, purchased a 1984 Pace motor home. In order to finance the sale, Mr. and Mrs. Bryant borrowed $46,242.72 from Sears. Plaintiffs paid $13,080.94 in cash and traded $869.06 in value, and financed the balance. The transaction was secured by a chattel mortgage *1193 executed by the plaintiffs in favor of Sears.
In February of 1986, plaintiffs put the motor home up for sale under a consignment agreement with H. James Myrick of Uncle Em's R-V Sales and Service, Inc. in Scott, Louisiana. The consignment agreement indicated that the amount owed on the motor home was $26,000.00 and also indicated that the minimum acceptable sale price was $29,500.00.
The consignment agreement expired in 30 days. Shortly afterward, the plaintiffs contacted Sears regarding the monthly payments. Plaintiffs understood from their conversations with Sears, that the loan would be frozen as long as the motor home remained at Uncle Em's R-V Sales and Service, Inc. Thereafter, plaintiffs did not make any monthly installments based on their conversations with Sears[1].
On March 25, 1986, Sears forwarded to the plaintiffs a "Notice of Intent to Sell the Repossessed Property". The notice was pursuant to the provisions of the Uniform Commercial Code (U.C.C.) which was not a part of Louisiana law at the time. In any event, plaintiffs claim they never received such notice.
In June, 1986, Uncle Em's released the unit to J.W. Garrett upon his representation that he was authorized by Sears to pick up the unit. The motor home was sold on June 23, 1986, for $21,500.00 to Garrett's Auto Sales. Mr. Garrett phoned the plaintiffs to determine the mileage on the motor home and informed them that he had purchased it from Sears. Plaintiffs made no inquiry into the transaction until August of 1986, when plaintiffs were denied credit at Prudhomme's Mobile Homes.
The credit report showed a repossession order in favor of Sears. Shortly afterward plaintiff sought legal advise and this litigation followed. Plaintiffs filed a petition for damages for conversion on December 17, 1986. In the petition, plaintiffs sought injunctive relief preventing Sears from continuing to list the default notice with the credit reporting agency. Sears signed a consent order voluntarily removing the credit entry, which was filed on January 19, 1987.

ACTIONS OF THE TRIAL COURT
The case was tried on March 6, 1990, and taken under advisement. The trial court issued its reasons for judgment and determined that the plaintiffs were entitled to recover their equity in the motor home which was in the amount of $3,760.00 (the value of the unit $29,760.00 less the balance owed on the mortgage $26,000.00); that the plaintiffs were entitled to $500.00 each for general damages stemming from the conversion; and that the plaintiffs were not entitled to an award for attorney fees. A judgment was signed in conformity on April 30, 1990, awarding plaintiffs $3,760.00 for losses due to conversion and $500.00 each for mental anguish.
The plaintiffs then filed a motion for a new trial which was granted, but limited to the issue of whether the defendant was entitled to a set-off for the balance of the debt owed and whether or not attorney fees should be awarded. After oral argument on September 17, 1990, the trial judge issued a minute entry reversing his earlier ruling on the merits. In reversing, the trial judge awarded the full value of the motor home, $29,760.00, and awarded attorney fees of $10,878.50 under LSA-R.S. 51:1409.
This appeal followed. Sears asserts that the trial court erred in reversing itself to award the full value of the motor home and to award the attorney's fees.
Plaintiffs answered the appeal seeking an increase in the award for mental anguish and attorney fees and objected to the court's failure to award damages for loss of use and damage to credit rating.

DISCUSSION
At the outset, Sears concedes it did not follow the pertinent Louisiana law relative to seizure and sale, and erroneously repossessed the motor home pursuant to the *1194 rules of U.C.C. It further concedes that it is not entitled to deficiency judgment.

I.
Under our jurisprudence, the traditional damages for conversion consists of the return of the property itself, or if the property cannot be returned, the value of the property at the time of the conversion. Boisdore v. International City Bank & Trust Company, 361 So.2d 925 (La.App. 4th Cir.1978), writ denied, 363 So.2d 1384 (La.1978). Where the defendant holds a security interest in the seized property, the value of this seized property corresponds with the equitable interest the plaintiff has acquired in it. Cook v. Spillers, 574 So.2d 464 (La.App. 2 Cir.1991).
We agree with the court below that "equitable interest" is not equivalent to "equity" as commonly used in commerce and lending situations with regard to real estate. The trial court was correct in reversing its earlier ruling awarding damages according to the definition of "equity."[2] However, we disagree with the trial judge's conclusion to award full value of the motor home.
We find the facts and rationale of Bryson v. Bates-Crumley Chevrolet Co., Inc., 171 So. 605 (La.App. 2d Cir.1937), apply to the present case. In Bryson, our sister court, on rehearing, set aside its earlier ruling that the equitable interest in a repossessed automobile was the value less the mortgage. In setting the decision aside and determining that the equitable interest was the amount paid on the purchase price of the property, the court, relying on Hitt v. Herndon, 166 La. 497, 117 So. 568 (La. 1928), stated:
It appears clear to us that, when the court used the conjunction or instead of and, it held plaintiff's equity in the cattle was the amount he had paid and that the damage he had sustained was the price he had paid, and the question of depreciation in value was not taken into consideration by the court. In other words, plaintiff was entitled to the amount of his equity, which was fixed by the amount he had paid defendant. Why should this not be the proper basis upon which to fix his actual pecuniary loss? If defendant had attempted to rescind the sale for the nonpayment of the purchase price, which he had a legal right to do under Rev.Civ.Code, art. 2561, the law required that he place the purchaser in statu quo. In order to do this, he would have had to pay or tender to plaintiff the amount of money plaintiff had paid on the debt. If this be true, can it be said that defendant, by a tortious conversion, can place himself in a better position than he would have been had he proceeded in a lawful manner? We think not. To hold otherwise would be to place a premium on wrongdoing.
Under articles 2504, 2505, 2506, and 2507 of the Revised Civil Code, a purchaser who has been evicted of the thing purchased may recover from his vendor the restitution of the purchase price, even though the vendor was in good faith in selling the thing and the eviction was by a third person. And under the provisions of article 2504, Revised Civil Code, the seller, although not subject to warranty, is, however, accountable for what results from his personal acts, and any contrary agreement is void.
If a legal eviction by a third person makes a seller liable for the full purchase price, even though the thing sold has lost in value or is considerably impaired, either from the neglect of the buyer or by a providential act or unforeseen accident, as provided for by article 2507 of the Revised Civil Code, then what good reason can be given for not making the seller liable at least for the *1195 full purchase price when he evicts the purchaser by a tortious conversion? We know of none.
Our research indicates that since the Bryson decision, in cases of wrongful seizures and wrongful conversions, the "equitable interest" has been determined in several ways. While space does not permit the review of all of the cases decided since, after careful examination, we note the leading cases cited by the parties to this lawsuit to illustrate the inconsistency of the law in this area.
We begin with Johnson v. E.B. Smelley, 185 So.2d 293 (La.App. 1st Cir.1966), wherein the court held, without citing authority, at page 297:
[2] With regard to the damages the only evidence in the record as to the value of the truck is that it is worth $1250.00. We, therefore, believe this to be a fair value on the truck at the time of the illegal taking. The truck, however, was subject to a mortgage in favor of The Morris Plan Company of California for $811.92. This was payable in 24 monthly installments of $33.83. According to the receipt book or coupon book filed in evidence there had been payments made totaling the sum of $272.78. Deducting the sum of $272.78 from the amount of the mortgage $811.92 leaves a balance due of $539.14.
[3] We have deducted this amount of $539.14 from the value fixed, $1250.00 which leaves a balance recoverable in this case of the sum of $710.86. Plaintiff also asks for damages for humiliation and embarrassment. We do not feel from the evidence that plaintiff was very much embarrassed as a result of this wrongful possession of his truck. We believe that an award in the amount of $100.00 will cover this situation and be adequate.
In Neff v. Ford Motor Credit Co., 347 So.2d 1228 (La.App. 1st Cir.1977), the court, without discussion, awarded the appraised value of an automobile which was wrongfully repossessed. Additionally, worth noting in this case is the court's discussion in denying the creditor's claim to set-off or deficiency judgment.
In Samaniego v. Horseless Carriage, 350 So.2d 193 (La.App. 2d Cir.1977), writ refused, 352 So.2d 240 (La.1977), there was no evidence of the market value of an automobile wrongfully seized. The court determined that, without evidence of the market value, the equitable interest would be the total amount the plaintiff paid on the purchase price, and awarded the down payment plus the only installment note the plaintiff paid.
We are convinced that the reasoning in Bryson is sound and controlling in this instance. Therefore, the trial court erroneously determined the equitable interest in the instant case as the value of the motor home which it set at $29,760.00.
Accordingly, we find the plaintiffs are entitled to the sums paid on the purchase price of the motor home. The record evidences only the amount of the down-payment of $13,080.00 and a trade-in valued at $869.06. The record indicates the balance of $30,569.80 was financed and to be repaid in 72 monthly installments of $642.26 each. However, no evidence was introduced showing how many installments were made towards the mortgage. We believe that in the interest of justice, a remand is necessary for the purpose of permitting evidence on the amount paid in monthly installments toward the mortgage.

II.
Damages for mental anguish and inconvenience arising from the loss of use of property have been allowed in tortious conversion cases. See Alexander v. Qwik Change Car Center, Inc., 352 So.2d 188 (La.1977). We are of the opinion that the trial court's award for embarrassment and inconvenience is not manifestly erroneous.

III.
The trial court awarded plaintiff attorney's fees under the Unfair Trade Practices and Consumer Protection Law. LSA-R.S. 51:1405(A) and R.S. 51:1409(A).[3] *1196 Sears contends this was an error, arguing that, in this case, the statute is not applicable to a wrongful conversion.
What constitutes unfair trade practices is left up to the courts. Dufau v. Creole Engineering, Inc., 465 So.2d 752 (La.App. 5th Cir.1985), writ denied, 468 So.2d 1207 (La.1985). A trade practice is unfair when it offends public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. Coffey v. Peoples Mortgage and Loan of Shreveport, Inc., 408 So.2d 1153 (La.App. 2d Cir.1981). We must observe that § 1409 is penal in nature and subject to reasonably strict construction.
In cases involving wrongful seizure and wrongful repossession, it has been held that such actions are unfair trade practices and come under the Unfair Trade Practices and Consumer Protection Law. See Moore v. Goodyear Tire & Rubber Co., 364 So.2d 630 (La.App. 2d Cir.1978); General Inv., Inc. v. Thomas, 400 So.2d 1081 (La.App. 4th Cir.1981), writ denied, 401 So.2d 353, 401 So.2d 354 (La.1981); Cook v. Spillers, supra; Jones v. Petty, 577 So.2d 821 (La. App. 2d Cir.1991).
In Moore, supra, the court was concerned with whether the plaintiff had a right of action under the Louisiana Trade Practices and Consumer Protection Act to recover attorney's fees. In its determination that the plaintiff had such a right of action, the court also found that a wrongful seizure constituted an unfair trade act or practice which was "oppressive and unscrupulous, and caused substantial and actual injury to the consumer". General Inv., Inc. followed the rationale of Moore and also awarded attorney's fees for wrongful seizure.
We also observe that our circuit has taken a contrary view in Gautreau v. Southern Milk Sales, Inc., 509 So.2d 495 (La. App. 3d Cir.1987) and Ford Motor Credit Co. v. Corbello, 482 So.2d 203 (La.App. 3d Cir.1986), writ not considered, 484 So.2d 132 (La.1986). We agree with Judge Knoll's dissent in Ford Motor wherein she recognizes the holdings and the rationale of Moore, supra, and General Inv., Inc., supra, and we are convinced that the actions taken by Sears in this case fall under the Unfair Trade Practices and Consumer Protection Law.
Plaintiffs relied, to their detriment, on Sears' assertion that it would freeze the loan if plaintiffs left the motor home on the sale lot. When Sears decided to remove the motor home and sell to a third person, this was contrary to the statements made by Sears. Making matters worse, Sears proceeded without resort to Louisiana's judicial process. This taking was a wrongful repossession and amounts to a violation of the Unfair Trade Practices and Consumer Protection Law, thus entitling the plaintiffs to reasonable attorney's fees.

IV.
Plaintiffs, in their answer to the appeal, pray for an increase in the attorney's fees for an additional amount for the additional work necessitated by post-trial pursuits, including this appeal. Insofar as plaintiffs' attorney successfully defended this appeal, we award an additional $2,000.00 in connection with his post-trial efforts. See Wyble v. Allstate Ins. Co., 581 So.2d 325 (La.App. *1197 3d Cir.1991). Accordingly, we amend the trial court's judgment to increase the attorney's fees awarded to plaintiffs by the sum of $2,000.00.
In passing on plaintiffs' answer to the appeal, wherein they pray for an increase in the damages awarded as well as an additional award for damage to credit, we find no merit in any of these requests. Our discussion above addresses the award of general damages. As to plaintiffs' request for damage to credit, we find no evidence in the record upon which to support such an award.
For the foregoing reasons, the judgment of the trial court is affirmed as amended, and remanded for purposes consistent with this opinion.
The costs of this appeal are to be borne by Sears.
AFFIRMED AS AMENDED, REMANDED AND RENDERED.
DOMENGEAUX, C.J., dissents in part and assigns reasons.
STOKER, J., dissents in part for the reasons to be assigned by DOMENGEAUX, C.J.
DOMENGEAUX, Chief Judge, dissenting in part.
I concur in the majority opinion insofar as it concludes that the plaintiffs are only entitled to the sums paid on the purchase price of the motor home, including the down payment and value of a trade in. I also agree that a remand is necessary for the reasons set out by the authoring judge.
I also agree that the trial court's award for embarrassment and inconvenience is not manifestly erroneous because of the tortious conversion.
There is no question in my mind that Sears is guilty of a wrongful seizure and/or tortious conversion of the movable property here,but plaintiffs are being compensated for that. The buck should stop here. The set of facts in this case do not involve unfair competition, or deceptive acts or practice in the conduct of trade or commerce, which is necessary to come under the UTPCP Law. In Ford Motor Credit Co. v. Corbello, supra, we stated that a wrongful seizure under similar facts does not constitute an unfair trade practice. The majority admits this but fails to follow Ford. It likewise fails to follow Gautreau v. Southern Milk Sales, Inc., supra, a subsequent case coming out of our circuit on the same subject.
Instead, the majority relies on the Second Circuit Moore, Cook and Jones cases, and the Fourth Circuit General Inv., Inc. case. I respectfully suggest that these cases from the Second and Fourth Circuits are erroneous and that the majority compounds the error by following them.
I also disagree with the majority in awarding additional attorney's fees for plaintiffs' work on appeal. Plaintiffs answered the appeal requesting an increase in the trial court's award for mental anguish and attorney's fees and further requesting damages for loss of use and damage to credit rating, which the trial court denied.
The majority opinion denies both plaintiffs' appeal requests. Consequently, under the law as I appreciate it, the plaintiffs should not be rewarded for their failures on appeal. This circuit has so stated a number of times. See Conlay v. Houston General Ins. Co., 370 So.2d 196 (La.App. 3d Cir.1979) and Ebey v. Dolphin Construction Co., 435 So.2d 1154 (La.App. 3d Cir.1983). In Conlay, we stated:
Plaintiff also requests additional attorney's fees for the legal services required on appeal. An increase in attorney's fees for services on appeal is usually awarded when the defendant appeals and obtains no relief on appeal, and the plaintiff requests it in accordance with proper appellate procedure. The basis for awarding additional attorney's fees is that the litigant successful at the trial level must incur additional expenses, which otherwise would not have been incurred, in order to protect his rights on appeal. Horn v. Vancouver Plywood Corporation, 322 So.2d 816 (La.App. 3rd Cir.1975). In this case, plaintiff is not only protecting his rights relative to defendant's *1198 appeal, but is also seeking additional relief denied at the trial level and denied on appeal, viz., a declaration of total disability. Under these circumstances, we find that additional attorney's fees for services rendered on appeal are not warranted.
See also, however, Wyble v. Allstate Ins. Co., 581 So.2d 325 (La.App. 3d Cir.1991), which reached an opposite result, and in which case I dissented.
Because I view this jurisprudence as a rather serious disagreement among different panels of this court on: 1) award of damages and attorney's fees under the UTPCP Law for a wrongful conversion as we have here, and 2) award of attorney's fees for extra work performed on appeal under the circumstances addressed herein, I would request and respectfully recommend that the Louisiana Supreme Court, by writ review, take these matters up and resolve the disagreements.
I respectfully dissent.
NOTES
[1] It is not clear from the record whether plaintiffs were delinquent prior to this time.
[2] Black's Law Dictionary, 5th Ed., at page 484, defines "equity" as:

".... The remaining interest belonging to one who has pledged or mortgaged his property, or the surplus of value which may remain after the property has been disposed of for the satisfaction of liens. The amount or value of a property above the total liens or charges. The difference of the fair market value and debt in property; thus, an equity of $5,000 may come about by having fair market value property of $20,000 with debt of $15,000..."
[3] § 1405. Unlawful acts or practices; interpretation and rulemaking authority

A. Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.
. . . . .
§ 1409. Private actions
A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act or practice was knowingly used, after being put on notice by the director or attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney's fees and costs. Upon a finding by the court that an action under this section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney's fees and costs.
. . . . .