**LAITRAM MACHINERY, INC.**

v.

**CARNITECH A/S, a Danish corporation, Seafood Equipment Development Corp., and Skrmetta Machinery Corp.**

Civ. A. No. 92–3841.

United States District Court,
E.D. Louisiana.

Oct. 2, 1995.

Barry Louis LaCour, Laitram Corp., Harahan, LA, Robert Perry McCleskey, Jr., Warren Anthony Cuntz, Jr., Phelps Dunbar, New Orleans, LA, Timothy J. Malloy, Gregory J. Vogler, D. David Hill, McAndrews, Held & Malloy, Chicago, IL, for Laitram Machinery Inc.

Bernard Marcus, Charles Kirk Reasonover, Marc J. Yellin, Deutsch, Kerrigan & Stiles, New Orleans, LA, for Carnitech A/S.

Harry Simms Hardin, III, Patrick Hannon Patrick, Jones, Walker, Waechter, Portevent, Carrere & Denegre, New Orleans, LA, Elsie T. Apthorp, Maitland, FL, for Seafood Equipment Development Corp.

Charles Emmett Pugh, National Law Offices of Pugh/Associates, Patent & Trademark Attorneys Ltd., New Orleans, LA, for Skrmetta Machinery Corp.

Charles Emmett Pugh, Rickey Ray Hudson, National Law Offices of Pugh/Associates Patent & Trademark Attorneys Ltd., New Orleans, LA, for Dennis Skrmetta, Barbara Skrmetta, Eric Skrmetta, and Melissa Skrmetta.

Robert Perry McCleskey, Jr., Warren Anthony Cuntz, Jr., Phelps Dunbar, New Orleans, LA, Timothy J. Malloy, Gregory J. Vogler, McAndrews, Held & Malloy, Chicago, IL, for Laitram Corporation, George Charles Lapeyre, Brent A. Ledet, James M. Lapeyre, Donald Quick, and James Saul.

Barry Louis LaCour, Laitram Corp., Harahan, LA, Robert Perry McCleskey, Jr., Warren Anthony Cuntz, Jr., Phelps Dunbar, New Orleans, LA, Timothy J. Malloy, Gregory J. Vogler, D. David Hill, McAndrews, Held & Malloy, Chicago, IL, for Asgeir Bjarnasson.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is "Defendant's Second Motion for Summary Judgment," filed by Skrmetta Machinery Corporation, which was taken under submission on a previous date without oral argument. After reviewing the memoranda of the parties, the record and the applicable law, the Court GRANTS the motion in part and DENIES the motion in part.

### Background

Defendant Skrmetta Machinery Corporation (hereinafter "Skrmetta") moves for summary judgment on all claims of plaintiff Laitram Machinery (hereinafter "Laitram").

Laitram filed suit in November 1992 against three defendants, Seafood Equipment Development Corporation, a Florida corporation (hereinafter "SEDCO"); Carnitech A/S, a Danish corporation; and Skrmetta. The lawsuit, as amended in December 1992 (R.Doc. 2) alleges federal antitrust law violations, Louisiana antitrust law violations, and violations of the Lanham Act, 15 U.S.C. § 1125(a), based upon alleged false representations about Laitram's products and alleged patent coverage for defendant's products. The lawsuit also seeks declaratory judgment that Laitram was not infringing on a patent allegedly assigned to SEDCO. Further, Laitram alleges claims pursuant to the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA–R.S. 51:1405 et seq., and claims of defamation and conspiracy to defame pursuant to Louisiana law.[1]

The suit arises out of an alleged conspiracy between Skrmetta, SEDCO and Carnitech to harm Laitram by alleging to Laitram's customers that Laitram had used trade secrets for a shrimp processing machine, the rights of which had allegedly been assigned to SEDCO. The alleged conspiracy also related to the bringing of a frivolous lawsuit in Florida as to the alleged violation of the trade secrets agreement at issue.

---

1. The Court notes that, pursuant to an order of the Federal Circuit Court of Appeals (R.Doc. 238), Laitram has been granted leave to file a claim of infringement as to its patent number 4,862,794 (hereinafter the "'794 patent"). Skrmetta's motion for summary judgment does not address this claim.

Laitram has since settled its claims against SEDCO and Carnitech (R.Docs. 33 and 83), and the only remaining defendant is Skrmetta.

Skrmetta seeks summary judgment as to alleged antitrust violations of Count I, brought under 15 U.S.C. § 1,[2] for two reasons. First, Skrmetta argues that the *Noerr–Pennington* doctrine[3] immunizes its activities, if any were taken. Second, Skrmetta argues that there is no genuine issue of material fact that Ray, through whom Skrmetta, the corporation, allegedly acted, participated in any conspiracy. Skrmetta also relies on this latter argument in support of its motion as to the state antitrust violations and the alleged Lanham Act violations.

Skrmetta next contends that it is entitled to summary judgment on the claim of the invalidity, unenforceability and noninfringement of Laitram's shrimp processing machine of the patent assigned to SEDCO because it has neither procured nor has any interest in this patent.

As to Laitram's state-law claims, Skrmetta first contends that there is no genuine issue of material fact that Raphael Skrmetta did not engage in acts that constitute a claim under the Louisiana Unfair Trade Practices Act, LSA–R.S. 51:1405.A. and 1409. As to the claim of defamation, Skrmetta submits that Laitram has failed to state a claim under Louisiana law.

In opposition, Laitram argues that there are genuine issues of material fact which show that Ray Skrmetta, acting on behalf of Skrmetta, participated in the conspiracy to restrain trade with SEDCO and Carnitech against Laitram. Additionally, the *Noerr–Pennington* doctrine is inapplicable for two reasons. First, the doctrine does not extent to act of writing letters to Laitram's customers alleging violation of trade secrets. Second, the trade secrets lawsuit falls within the

"sham" exception to the *Noerr–Pennington* doctrine.

As to the Lanham Act violations, Laitram contends that the genuine issues of material fact as to Ray Skrmetta's participation with SEDCO and Carnitech preclude summary judgment on this claim. Similarly, Laitram submits that there are genuine issues of material fact as to whether Ray Skrmetta's actions on behalf of Skrmetta rise to a level such that they violate the Louisiana Unfair Trade Practices Act.

Finally, Laitram argues that it has stated a claim of defamation and conspiracy to defame against Skrmetta.

Laitram offers no opposition, however, to Skrmetta's motion as to Court IV of the amended complaint alleging invalidity, unenforceability and noninfringement of the patent assigned to SEDCO. Therefore, for reasons which will be set forth herein, the Court grants Skrmetta's motion for summary judgment as to Count IV of the amended complaint.

### Law and Application

### I. Standard of Review

Although styled as a motion for summary judgment, Skrmetta's motion is hybrid in that it seeks summary judgment as to most counts but seeks dismissal for failure to state a claim as to the defamation count under Fed.R.Civ.P. 12(b)(6). Thus, the Court must apply two standards of review.

As to those counts on which summary judgment is sought, Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The non-movant's burden of showing a genuine issue of material fact "is not satisfied with 'some metaphysical doubt as to the ma-

---

**2.** This section provides, in pertinent part: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states, or with foreign nations, is declared to be illegal...."

**3.** *See Eastern R. Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961) and *Mine Workers v. Pennington,* 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965).

terial facts,' by 'conclusory allegations,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corporation,* 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc*). Further, "factual controversies [are resolved] in favor of the non-moving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.*

In essence, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

■ As to those counts on which Skrmetta seeks dismissal for failure to state a claim, the moving party has the burden of showing that plaintiff can prove no set of facts consistent with the allegations in the complaint which would entitle it to relief. *Baton Rouge Building and Construction Trades Council AFL–CIO v. Jacobs Constructors, Inc.,* 804 F.2d 879, 881 (5th Cir. 1986), *citing Hishon v. King & Spalding,* 467 U.S. 69, 74, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the case, even if it "appear[s] on the face of the pleadings that a recovery is very remote and unlikely." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court must accept all well-pleaded factual allegations in the complaint as true and view the allegations in the light most favorable to the non-moving party. *American Waste & Pollution Control Company,*

*Inc. v. Browning–Ferris, Inc.,* 949 F.2d 1384, 1386 (5th Cir.1991). Motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted. *Tanglewood East Homeowners v. Charles–Thomas, Inc.,* 849 F.2d 1568, 1572 (5th Cir.1988).

II. Antitrust Allegations

A. Conspiracy

■ In addition to the foregoing principles against which a motion for summary judgment is tested, "[t]o survive a summary judgment [on a claim alleging conspiracy under 15 U.S.C. § 1], the evidence must tend to 'exclude the possibility' that the defendants acted independently." *Culberson, Inc. v. Interstate Electric Company, Inc.,* 821 F.2d 1092, 1093 (5th Cir.1987), *quoting Matsushita Electric Industrial Co. v. Zenith Radio,* 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).[4]

On the basis of these principles, the Court finds that a genuine issue of material fact exist that precludes summary judgment.

Skrmetta concedes that Ray Skrmetta met with Roy Ellis–Brown of SEDCO and expressed the opinion that Laitram's shrimp cooking machine copied Ellis–Brown's machine (the rights of which allegedly had been assigned to SEDCO). (Skrmetta's Statement of Material Facts, attached to the instant motion, R.Doc. 226.) Skrmetta also concedes that Skrmetta provided Ellis–Brown a copy of a publicly disseminated brochure on Laitram's shrimp-cooking machine and provided a list of Laitram customers using the shrimp cooking machine to the Florida corporation's attorney upon request. *Id.* However, Skrmetta argues that these facts do not constitute evidence of a conspiracy between Skrmetta with SEDCO or Carni-

---

4. In *Matsushita,* the Supreme Court stated:

Respondents correctly note that "[o]n summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." But antitrust law limits the range of permissible inferences from ambiguous evidence in a § 1 case. Thus, ... conduct as consistent with permissible competition as with illegal conspiracy does not, standing alone, support an inference of antitrust conspiracy. To survive a motion for summary

judgment or for a directed verdict, a plaintiff seeking damages for a violation of § 1 must present evidence that "tends to exclude the possibility" that the alleged conspirators acted independently. Respondents ... in other words, must show that the inference of conspiracy is reasonable in light of the competing inferences of independent action or collusive action that could not have harmed respondents.

*Id.* at 587–88, 106 S.Ct. at 1356 (citations omitted).

tech. Additionally, Skrmetta contends the trade-secrets lawsuit was filed by the Florida corporation upon its own determination after consulting with its attorney and not in reliance on or with the help of Ray Skrmetta or Skrmetta the corporation. *Id.*

Laitram counters with specific facts which the Court finds create a genuine issue of material fact. First and foremost, according to the affidavit of G. Charles Lapeyre (attached as Exh. 2 to Laitram's opposition memorandum, R.Doc. 229), before the trade-secrets lawsuit was filed, Raphael Skrmetta called Lapeyre and stated "we've got you now," referring to the trade-secrets issue. *Id.,* Paragraph 15. This contention—taken with the conceded facts set forth above— constitutes a genuine issue of material fact as to whether Ray Skrmetta conspired with SEDCO and Carnitech in bringing the lawsuit. Further, in a letter written to the attorney for the Florida corporation in December 1992, Ray Skrmetta states that "he would prefer a court decision for the future conduct of Laitram" and invites the attorney to call on him "for all help possible." *Id.,* Exh. 37. Although these words seemingly are innocent, the inferences drawn from these words in the context of Skrmetta's statement to Lapeyre and in view of the uncontested facts constitute evidence that, for purposes of summary judgment, excludes the possibility that Skrmetta, SEDCO and/or Carnitech acted independently. *Matsushita, supra.* This is not a mere semantic quibble. As a result, "there are ... genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby,* 477 U.S. at 250, 106 S.Ct. at 2511.

■ Skrmetta also seeks summary judgment on Count II of the amended complaint, which alleges violations of state antitrust laws. Federal jurisprudence regarding federal antitrust law provides persuasive interpretations for the state antitrust law. *Reppond v. City of Denham Springs,* 572 So.2d 224, 228, n. 2 (La.App. 1st Cir.1990), citing *Louisiana Power & Light v. United Gas Pipe Line,* 493 So.2d 1149 (La.1986). Therefore, because the Court finds that summary judgment is inappropriate on federal antitrust allegations, as set forth above, Skrmetta's motion for summary judgment on Laitram's claims of state antitrust violations also must be denied.

**B.  *Noerr–Pennington* Doctrine**

■ Skrmetta contends that its participation in the trade-secrets lawsuit, if any, is protected by the *Noerr–Pennington* doctrine. According to this doctrine, "[t]hose who petition government for redress are generally immune from antitrust liability." *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.,* — U.S. —, —, 113 S.Ct. 1920, 1926, 123 L.Ed.2d 611 (1993), *citing Noerr, supra.*

In *California Motor Transport Co. v. Trucking Unlimited* [404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642] [(1972)], we elaborated on *Noerr* in two relevant respects. First, we extended *Noerr* to "the approach of citizens ... to administrative agencies ... and to courts." Second, we held that the complaint showed a sham not entitled to immunity when it contained allegations that one group of highway carriers "sought to bar ... competitors from meaningful access to adjudicatory tribunals and so to usurp the decision making process" by "institut[ing] ... proceedings and actions ... with or without probable cause, and regardless of the merits of the cases."

*Professional Real Estate Investors,* — U.S. at —, 113 S.Ct. at 1926 (citations omitted) (editing in original).

The Supreme Court has established a "two-part" definition of "sham" litigation. *Id.* at —, 113 S.Ct. at 1928.

First, the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr,* and an antitrust claim premised on the sham exception must fail. Only if a challenged litigation is objectively meritless may a court examine the litigant's subjective motivation. Under this second part of our definition of sham, the court should focus on whether the baseless lawsuit conceals "an attempt to

interfere directly with the business relationships of a competitor" through the "use [of] the governmental process—as opposed to the outcome of that process—as an anticompetitive weapon."

*Professional Real Estate Investors,* —— U.S. at ——, 113 S.Ct. at 1928 (citations omitted) (editing in original).

■ Applying the *Noerr–Pennington* doctrine as explained in *Professional Real Estate Investors* to the present case, the Court finds that summary judgment is inappropriate for two reasons. First, the alleged conspiracy involves more than just the filing of the trade-secrets lawsuit but also the sending of three letters to Laitram's customers, informing them that Laitram's shrimp cooking machine incorporated trade secrets from its own patent and infringed on the Florida corporation's shrimp cooking machine patent. (Exhs. 39–41, attached to Laitram's memorandum in opposition, R.Doc. 229.)[5] The *Noerr–Pennington* doctrine does not extend to sending letters to a competitor's customers alleging violation of trade secrets and infringement of patents.

The second reason that the *Noerr–Pennington* doctrine is inapplicable is that there exists a genuine issue of material fact as to whether the trade-secrets lawsuit was a sham. According to one part of the opinion of one of Laitram's experts, which is based on SEDCO's answers to interrogatories in the trade-secrets lawsuit, the alleged trade secrets are essentially the same as those elements of Claim 1 of the patent for the shrimp cooking machine held by the Florida company. (Report of George N. Starr, p. 9, Exh. 3, attached to Laitram's memorandum in opposition, R.Doc. 229.) As such, the expert contends that there can be no trade-secret protection and/or violation because the information was disclosed in a U.S. patent. *Id.* Although Laitram provides no citation

for this legal principle in its memorandum, the expert's statement appears to be an accurate assessment of the law. *See, e.g., Syntex Ophthalmics, Inc. v. Tsuetaki,* 701 F.2d 677, 683 (7th Cir.1983), *citing Sears, Roebuck & Co. v. Stiffel Co.,* 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964) and *Compco Corp. v. Day–Brite Lighting, Inc.,* 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964); *Sanford Redmond, Inc. v. Mid–America Dairymen, Inc.,* 1992 WL 57090 (S.D.N.Y.1992) at 2 ("to the extent plaintiff's trade secrets were the subject of a valid patent, those secrets were disclosed at the time the patent issued").

Therefore, there is a genuine issue of material fact as to whether the Florida corporation objectively could have concluded that its trade-secrets suit was "reasonably calculated to elicit a favorable outcome." *Professional Real Estate Investors,* —— U.S. at ——, 113 S.Ct. at 1928.

Additionally, for the same reasons that the Court found a genuine issue of material fact as to whether Skrmetta participated in the antitrust conspiracy, it naturally follows that there is a genuine issue of material fact as to whether the possibly baseless trade-secrets lawsuit concealed "an attempt to interfere directly with the business relationships of a competitor," *Id., quoting Noerr,* 365 U.S. at 144, 81 S.Ct. at 533.

Therefore, Skrmetta's motion for summary judgment on the basis of the *Noerr–Pennington* doctrine fails.

## III.  Lanham Act Violations

■ As noted, Laitram also claims violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which provides, in pertinent part:

> any person, who, on or in connection with any goods or services . . . uses in com-

---

**5.** The Court notes that Skrmetta does not object to the authenticity of any of the documents referred to herein as exhibits attached to Laitram's memorandum in opposition, presumably because they were produced in discovery. As such, the Court relies on them in finding that there are genuine issues of material fact under Fed. R.Civ.P. 56(c).

The Court also notes that the three letters written to Laitram's customers also requested

that these entities cease and desist from using Laitram's infringing equipment until they sign a license agreement SEDCO. (Exhs. 39–41, attached to Laitram's memorandum in opposition, R.Doc. 229.) Laitram alleges that Skrmetta participated in the conspiracy because Ray Skrmetta, among other things, provided the names of these customers to the Florida corporation's attorney. *Id.,* Exh. 37.

merce any ... false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive another as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services or commercial activities by another person ...

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

In *Taquino v. Teledyne Monarch Rubber,* 893 F.2d 1488, 1490 (5th Cir.1990), the Fifth Circuit recognized the elements necessary to establish a Lanham Act violation *via* implication through recognition of a district court opinion. There must be a false statement of fact about the product; the statement deceived or had the capacity to deceive a substantial segment of potential customers; the deception is material, *i.e.,* it is likely to influence the purchasing decision; the alleged deceiver must have put the products into interstate commerce; and the complainant has been or is likely to be injured as a result. *Id.* at 1500.

Skrmetta seeks summary judgment on the basis that there is no showing that Skrmetta used in commerce a false or misleading description or representation of fact likely to cause mistake or deception as to Laitram's products. "Ray Skrmetta merely met privately with Ellis–Brown, and provided information that SEDCO could investigate and then act upon or not at is own option." (Skrmetta memorandum in support of motion, R.Doc. 226, p. 19.) Laitram counters that "in concert with Skrmetta" and Carnitech, SEDCO made false representations to Laitram's customers as to patent infringement in interstate commerce. (Laitram memorandum in opposition, R.Doc. 229, p. 33.)

Although the evidence as to Skrmetta's specific participation in the sending of the letters appears to be limited to Skrmetta's providing the Florida corporation's attorney with the names of Laitram's customers and offering "all help possible" (Exhs. 35 and 37, respectively), this evidence coupled with the questions of fact as to the overall role played by Skrmetta acting through Ray Skrmetta in this series of events precludes summary judgment on the Lanham Act claim.[6] Construing all inferences in favor of Laitram on this motion for summary judgment, the Court finds that there is a genuine issue of material fact that prohibits entry of summary judgment on the Lanham Act count. There are factual questions more appropriately decided by a jury. *Anderson v. Liberty Lobby, supra.*

### IV. Declaratory Judgment

In its amended complaint, as noted, Laitram seeks declaratory judgment as to invalidity, unenforceability and noninfringement of the patent the rights of which are held by SEDCO. Skrmetta seeks summary judgment on the basis that it has never procured or had any interest in this patent. Laitram does not oppose Skrmetta's motion on this issue. The Court finds that, because the Florida corporation has been dismissed from this matter following settlement (R.Doc. 33), and, further, because there is no allegation in the amended complaint that Skrmetta owns any interest in the patent allegedly held by SEDCO, Skrmetta is entitled to summary judgment on this issue.

### V. Unfair Trade Practices

Under Louisiana law, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." LSA–R.S. 51:1405.A. A private right of action exists to recover actual damages and attorneys' fees. LSA–R.S. 51:1409.A.

What constitutes unfair trade practices is left up to the courts. A trade practice is unfair when it offends public policy and

---

**6.** As noted, these questions of fact include Ray Skrmetta's statement to G. Charles Lapeyre before the trade-secrets lawsuit was filed and—according to the record—before the letters at issue were sent Laitram's customers that "we've got you." (Affidavit of Lapeyre, Paragraph 15, Exh. 2, attached to Laitram's memorandum in opposition, R.Doc. 229.) Another question of fact is Skrmetta's offer of "all help possible" to SEDCO's attorney. (Exh. 37, attached to Laitram's memorandum in opposition, R.Doc. 229.)

when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

*Jessen v. Wimberly,* 610 So.2d 252, 257 (La. App. 3rd Cir.1992); *American Waste,* 949 F.2d at 1391. Notwithstanding this seemingly broad standard, the Unfair Trade Practices Act has been construed as "penal in nature and subject to reasonably strict construction." *Bryant v. Sears Consumer Financial Corporation,* 617 So.2d 1191, 1196 (La.App. 3rd Cir.1993).

Because the Court has found that there exists a genuine issue of material fact as to whether Skrmetta through Ray Skrmetta participated in a conspiracy with SEDCO and Carnitech to sue Laitram and/or send allegedly false letters to Laitram's customers, as set forth above, the Court finds that summary judgment as to the unfair trade practices claim is improper. This decision is again underscored by Ray Skrmetta's statement, as reported by G. Charles Lapeyre in his affidavit, that "we've got you now," referring to the trade-secrets lawsuit. (Exh. 2, Paragraph 15, attached to Laitram's memorandum in opposition, R.Doc. 229.) Construing the inferences from this fact and those other facts delineated earlier in favor of Laitram, there is a genuine issue of material fact as to whether Skrmetta engaged in "immoral, unethical, oppressive, [or] unscrupulous" conduct that "offends public policy." *Bryant,* 617 So.2d at 1196.

**VI. Defamation and Conspiracy to Defame**

■ The final issue is whether Count VI of Laitram's amended complaint states a claim under Louisiana law. In this count, Laitram incorporated all of the previous factual allegations of its complaint and alleges that the letters sent to its customers were false and defamatory and were published with malice. (Paragraphs 46 and 47, R.Doc. 2.) Further, "[o]n information and belief," the amended complaint alleges that Carnitech conspired with SEDCO to publish the false and defamatory statements. *Id.,* Para-

graph 48. Finally, as to this count, the amended complaint alleges that "Laitram has been damaged ... as a result of *defendants'* defamation and conspiracy to defame." *Id.,* Paragraph 49 (emphasis added).

Skrmetta argues that Count VI fails to state a claim against it because the letters were sent by SEDCO and because the allegations specifically allege a conspiracy between SEDCO and Carnitech, both of which have been dismissed from this matter after settlement. (R.Docs. 33 and 83.) In opposition, Laitram contends that, notwithstanding the specific allegation of conspiracy between SEDCO and Carnitech with no reference to Skrmetta, all of the other paragraphs of the complaint incorporated by reference set forth the basis for the conspiracy to defame that includes Skrmetta.

Construing the complaint liberally, and accepting all well-pleaded factual allegations in favor of Laitram, as the Court must, *see Scheuer, supra,* the Court finds that Laitram's amended complaint states a claim for conspiracy to defame against Skrmetta because it alleges that Laitram was damaged as a result of all *defendants'* conspiracy to defame. Although the Court believes that such a claim is stated by the slimmest of margins in light of the specific allegation of conspiracy between Carnitech and SEDCO, it is nevertheless stated. Conceivably, Laitram can prove a set of facts consistent with the allegations that all defendants conspired to defame Laitram, which would entitle it to relief. Thus, Skrmetta's motion fails.[7]

**VII. Conclusion**

Because there are genuine issues of material fact, the Court denies summary judgment as to Counts I, II, III and V. However, because there is no opposition from Laitram and because there is no genuine issue of material fact that Skrmetta holds any interest in the patent that is the subject of the declaratory judgment sought in Count IV, the Court will grant summary judgment as to this Count. Finally, the Court finds

---

7. The Court would reach the same decision if Skrmetta's contention were tested under the standard for summary judgment. Because there are genuine issues of material fact as to the extent of Skrmetta's participation in the publication of the letters to Laitram's customers, as set forth above, summary judgment would be improper on this issue.

that Count VI states a claim against Skrmetta for defamation and/or conspiracy to defame.

Accordingly,

IT IS ORDERED that Skrmetta Machinery Corporation's "Second Motion for Summary Judgment" is GRANTED in part and DENIED in part.